### LEWIS H. BEALS v. LEGRAND OLMSTEAD.

*Vendor and Vendee. Warranty. Questions for jury. Implied warranty. Declaration.*

When the vendor's statements form the sole basis of the sale, his declarations are ordinarily to be regarded as a warranty.

So also, where the article is bought for a particular use, and the vendor knew that the vendee would not buy an inferior article, the sale of the article for the particular use, ordinarily implies a warranty that it is fit for the use.

And unless it is apparent that vendor's statements, in regard to the quality of the article, were understood by the parties, at the time, as amounting to nothing more, than recommendations of the goods, and were matters of opinion merely, and the vendee was still left to understand, that he must examine and judge for himself, the case should be submitted to a jury, unless there is a fatal variance.

If a declaration is defective, that question should be made upon demurrer or in arrest of judgment.

ASSUMPSIT on the warranty of a quantity of hay; the declaration was as follows:

" In a plea of the case, for that the defendant in consideration

Beals *v.* Olmstead.

" that the plaintiff would pay defendant fifty-five dollars for a cer-
" tain mow of hay, to wit, on the 31st day of January, 1850, the
" defendant undertook and promised plaintiff, that said hay was
" cut and cured in good season, was good bright hay, and plaintiff
" then and there paid said defendant fifty-five dollars, and avers
" that said hay was not cut and cured in good season, but was
" wholly worthless."

There was also a count for money had and received.

Plea, general issue, and trial by jury.

On the trial, plaintiff gave evidence, that being in want of hay, the defendant offered to sell the plaintiff a mow of hay. That the plaintiff called to see said hay, and went with the defendant to the barn where said hay was, and the defendant offered to let the plaintiff pull off a board from the barn to examine said hay, to which the plaintiff replied, that he could not tell by that, but that he, the defendant, knew what use he, the plaintiff, wished to make of the hay, namely, to keep his oxen during spring and summer while at work on the Rail Road, and that the defendant knew whether his hay was such as would answer or not. Thereupon the defendant told the plaintiff, that the hay was good hay, cut in good season, and was well cured, and put into the barn in good order. The trade was not then concluded, but negotiation was going on for several days when the trade was completed; but it did not appear, that any thing further was said between the parties, as to the quality of the hay. When the plaintiff came to get the hay, and remove the covering, the hay was found to be worthless, and the plaintiff refused to take the same. An altercation ensued between the defendant and plaintiff, when the plaintiff said, " Did you not tell me that the hay was good hay, cut early, and cut around the barn, and got in in good order?" to which the defendant replied, " I did, and say so now." It further appeared that said hay was full of brakes, and not such hay as grew around the barn.

Whereupon the court directed a verdict for defendant, to which the plaintiff excepted.

*Stevens & Edson* for plaintiff.

In this cause the plaintiff contends that the court erred in ordering a verdict for the defendant.

Beals v. Olmstead.

There was sufficient evidence of the defendant's representations, as to the quality of the hay, to have the fact submitted to the jury, whether these representations were by the vendor, meant as a warranty of the quality of the article sold, and was so understood by the vendee. *Beeman* v. *Buck*, 3 Vt. 53. *Foster* v. *Estate of Caldwell*, 18 Vt. 176. *Whitney* v. *Sutton*, 10 Wend. 411. Smith's L. C. Vol. 1, 178.

If the defendant assured plaintiff that the hay was good, and the plaintiff relying on that statement, bought the hay, defendant is bound to make his representations good. *Wilmot* v. *Wead*, 11 Wend. 584. *Haquis* v. *Plympton*, 11 Pick. 99—100.

The word *good*, as applied to hay is not an unmeaning word; it must at least mean that the article was merchantable; but the bill of exceptions finds that the hay was entirely worthless.

*H. R. Beardsley* for defendant.

The declaration alledges the contract of warranty to have been as follows, "That the hay was cut and cured in good season and was good bright hay," and the only breach alledged is, "that the hay was not cut and cured in good season." This being the only breach alledged, the question is, does the testimony reported in the case establish this breach. All it amounted to, or tended to prove, was the fact, that when the covering of the hay was removed the hay was found to be worthless.

Now, does this fact tend to prove the breaches laid in the declaration, in the particular there alledged,—clearly not; because, for ought this fact shows, the defendants' declaration "that the hay was cut and cured in good season," was strictly true, and the fact that the hay was worthless, does not tend to negate the truth of the statement.

The testimony did not go far enough; it should have shown in what particular the hay was worthless, or in other words, it should have shown that it was worthless, by reason of not having been cut and cured in good season.

Indeed, we insist that the case is entirely naked of anything, tending to show, "that the hay was not cut and cured in good season." But on the contrary, the testimony reported has the very opposite tendency, namely, to prove "that its worthlessness consisted in its being full of brakes, and in being an inferior kind

of hay, taken not around the barn but in another part of the meadow, being wild grass, and hence, worthless for the use that the plaintiff wanted it.

By the Court. In regard to the general merits of this case, the principles which must govern, are too well settled to require much discussion.

As to whether the defendant's assertions in regard to the quality of the hay were understood to form the basis of the contract, there could be but one opinion. The plaintiff declined to examine the hay, saying he could tell nothing about it. He expressly informed the defendant he wanted it for a particular use, to feed his oxen in spring and summer, while at work upon the Rail Road, and that he must have such hay as would answer that use. The defendant then proceeded to make a statement, in regard to the hay, which brought the quality of the hay within the desideratum. And after the negotiation had continued some days, nothing more being said between the parties, in regard to the quality of the hay, the trade was closed, and plaintiff paid for the hay, as the declaration states, and no question is made upon this point. It is scarcely possible to suppose a case, where it is more absolutely certain, that the defendant's statements formed the sole basis of the sale, than the present, and in such case the declaration is ordinarily to be regarded as a warranty.

As to how far statements made by the vendor, are to be regarded as an express warranty, every case must depend very much upon its own circumstances. And unless it is apparent, that defendant's statements, in regard to the quality of the hay, were understood by the parties, at the time, as amounting to nothing more than recommendations of the goods, and were matters of opinion merely, and the plaintiff was still left to understand, that he must examine and judge for himself, the case should be submitted to a jury, unless there is a fatal variance.

There is very much in the pressnt case to show, that defendant's statements ought to be regarded as a warranty.

1. They were understood by both parties, as forming the basis of the contract of sale, there being no good opportunity to examine the goods, and none in fact attempted. 2. They were in regard to matters upon which the defendant was supposed, and professed,

to have personal knowledge, and what he said, he asserted posi-
tively ; therefore he ought to expect to be bound by it.  3. The
hay was bought for a particular use, and the defendant knew plain-
tiff would not buy an inferior article.  The sale of the hay then
for this particular use, ordinarily implies a certainty that it is fit
for the use.

The mere assertion that hay is 'good hay, certainly implies
something more than was found in this case, but good hay for the
particular use, cut and cured well, in good season, is sufficiently
definite one would think.

We think the breach alledged is sufficiently broad.  It is even
broader than the promise alledged.  But the plaintiff must of
course be confined to the breach of the contract alledged.  And
that seems to us to afford a very considerable range, under the
proof stated.

Judgment reversed and case remanded.

If the declaration is defective, that question should be made upon
demurrer, or in arrest of judgment.