WILLIAM V. BEST *v.* FLINT & NEWTON.

*Sale. Implied Warranty. Chattels for a Particular Purpose. Recoupment.*

1. There is an implied warranty in the sale of hogs purchased for the market, that they are fit for that purpose, when the vendee, having no opportunity of inspection, trusts to the judgment of the vendor to select them, and both parties understand for what they are intended.

2. And in case of a breach of such warranty, the vendee can recoup the damages, without a return of the chattels or an offer to return them.

ASSUMPSIT. Plea, general issue. Trial by court, March Term, 1886, POWERS, J., presiding. Judgment for the plaintiff.

*Geo. W. Wing,* for the defendants.

There was an implied warranty. *Smith* v. *Richards,* 13 Pet. 26; *McFerran* v. *Taylor,* 3 Cranch, 281.

The defendants could recoup the damages. *Withers* v. *Green,* 9 How. 213; *Gautier* v. *Douglas Axe Co.* 13 Hun, 514; *Smith* v. *Mayer,* 3 Col. 207; *Lilley* v. *Randall,* 3 Col. 298; *Carey* v. *Guillow,* 105 Mass. 18; *Wentworth* v. *Dows,* 117 Mass. 14; *Bradley* v. *Rea,* 14 Allen, 20; *Mayer* v. *Dwinell,* 29 Vt. 298.

It was not necessary to return or offer to return the property. 100 Mass. 432; 12 Wis. 276; 49 Vt. 22; 42 Wis. 626; 52 N. Y. 416.

*Gordon & Gary,* for the plaintiff.

The defendants by delaying waived their right to rescind. They should have rescinded at once. *Clung* v. *Kelley,* 21

Iowa, 508; *Phelps* v. *Quinn*, 1 Bush. (Ky.) 375; *Thomas* v. *Bartow*, 48 N. Y. 200; *Norton* v. *Young*, 3 Me. 30; *Morse* v. *Bracket*, 98 Mass. 205; *Willoughby* v. *Moulton*, 47 N. H. 205; 12 Ill. 336; *Boughton* v. *Standish*, 48 Vt. 598; *Tilton Safe Co.* v. *Tisdale*, 48 Vt. 83; *Marston* v. *Knight*, 29 Me. 341; *Horn* v. *Buck*, 48 Md. 358; *Cutler* v. *Gilbreth*, 53 Me. 176; *Woodruff* v. *Peterson*, 51 Barb. 252; *Love* v. *Oldham*, 22 Ind. 51.

They should have been in a position to restore the same property. *Morgan* v. *McKee*, 77 Pa. St. 228; *Mason* v. *Bovet*, 1 Denio, 69; 7.Wait Act. & Def. 469, s. 3; *Hammond* v. *Pennock*, 61 N. Y. 145; *Spencer* v. *St. Clair*, 57 N. H. 9; *Gatling* v. *Newall*, 9 Ind. 572; *Waters Heater Co.* v. *Mansfield*, 48 Vt. 378.

There was no warranty. 34 N. Y. 118; 35 Vt. 577; 32 Vt. 179.

The opinion of the court was delivered by

WALKER, J. The plaintiff contends that the doctrine of caveat emptor is applicable to the sale disclosed by this case, and that when the defendants ascertained at Randolph, to which place the car had been shipped, that the hogs furnished by the plaintiff were not marketable and such as they had contracted with him for, it was their duty either to have returned the hogs to the plaintiff, or have offered to return them, with notice of their rejection of the same, to enable them to recover damages or to make any defence on account of the inferior quality of the hogs; and that, as they neglected so to do and accepted and disposed of the hogs, they cannot now in this action recoup any damage they may have suffered by reason of the hogs not being of the quality which they contracted for.

There is no doubt but that the rule of *caveat emptor* is applicable, so far as quality is concerned, in the absence of fraud, to sales of ascertained, specific chattels which the purchaser has inspected; but where the contract is to supply

a certain kind and quality of chattels for a particular pur-
pose known to the vendor, which the vendee has no oppor-
tunity to examine before delivery, there is usually an im-
plied warranty that the chattels supplied shall be reasonably
fit for the special purpose intended by the vendee. 1 Chit.
Con. 634; 2 Benj. Sales, s. 966.

The plaintiff's contention is sound, if no warranty is im-
plied from the nature and circumstances of the sale that the
hogs supplied should be marketable. The case shows that
the defendant Flint contracted with the plaintiff for nine
hogs without any opportunity of inspecting them, to be
supplied and furnished to the defendants to fill up their
car, then standing at the depot in Montpelier, with hogs for
shipment to and sale by the defendants in market, to be de-
livered by the plaintiff in the defendants' car by a certain
time on the day the contract was made, for which the de-
fendants were to pay eight cents per pound, the then high-
est and ruling price for prime marketable hogs. The plaint-
iff was then engaged in the business of buying hogs for
market and was aware of the price paid for prime market-
able pork; and when he contracted to supply the hogs he
had full knowledge that the defendants, who were also
engaged in the business of buying hogs for market, pur-
chased the hogs in question for sale in market; and from
his knowledge of the business the plaintiff must have
known what quality of hogs were marketable. He must
also have known that Flint understood he was buying and
paying the price for prime marketable hogs and that he
did not intend to buy an inferior quality, and that he re-
lied upon the plaintiff's judgment to select and supply the
defendants with nine marketable hogs. It was not a sale
of nine definite or specific hogs which the plaintiff had in
his possession which the defendant Flint inspected or could
have inspected. Six of the hogs were purchased by the
plaintiff after the contract was made and, with the three
which he had purchased the morning of the sale, made the

nine that were delivered to the defendants. It was a sale of nine marketable hogs to be selected and supplied for a particular purpose of which the plaintiff then had full knowledge as well as of the quality required for the purpose; and one in which the defendants relied on the judgment of the plaintiff to select and supply hogs suitable for the purpose for which they were intended. It was a sale in which there was an implied warranty that the hogs furnished should be applicable to the use intended.

The rule of law applicable to such a sale is laid down in Chit. Con. vol. 1, p. 417, and in Benj. Sales, vol. 2, s. 998, as follows: "Where a buyer buys a specific article the rule *caveat emptor* applies, but where the buyer orders goods to be supplied and trusts to the judgment of the seller to select the goods which shall be applicable to the purpose for which they are intended, which is known to both the parties, there is an implied warranty that they are fit for that purpose."

It is also held that where there is a contract to supply chattels of a particular description, and the buyer has not had an opportunity to inspect them before delivery, the chattels must not only, in fact, answer the description, but must also be merchantable under that description.

In *Beals* v. *Olmstead,* 24 Vt. 114, it was held that where an article is bought for a particular purpose and the vendor knows that the vendee would not buy an inferior article, the sale of the article for the particular purpose ordinarily implies a warranty that it is fit for the use intended. This doctrine is particularly applicable where the vendee has no opportunity to inspect the article before delivery.

These principles are fully supported by numerous authorities, and inculcate in neighborhood and commercial dealings, sound maxims of morality, from which no honest man will seek exemption.

We think that in the sale of the hogs in question, under the circumstances shown, there was an implied warranty that the hogs should be marketable.

The case finds that the hogs were not marketable nor such as the defendant contracted for. There was then a breach of the implied warranty as to the quality of the hogs.

The law is well settled that where there is an express or implied warranty in the sale of goods, it is not necessary that the vendee should return, or offer to return them, to enable him to recover or recoup the damages which he has sustained by a breach of the warranty. And the defendants in this action of the plaintiff against them for the purchase price of the hogs may show the breach of warranty in diminution of the price or reduction of damages. 2 Benj. Sales, ss. 1348, 1352, 1354; 1 Chit. Con. 649, 651; 2 Smith Lead. Cas. 25, 26; 18 Wend. 425; *West* v. *Cutting*, 19 Vt. 536.

Judgment reversed and cause remanded.