## W. M. BADGER v. WHITCOMB BROS.

### January Term, 1894.

### *Sale.  Caveat emptor.*

If a vendee takes possession of goods at an agreed price, after having been cautioned by the vendor, who has no knowledge in fact as to the quality of the goods, that he must look for himself, he cannot afterwards rescind the sale upon the ground that they were not of the quality he supposed.

Assumpsit.  Heard upon the report of a referee at the September term, 1893, Washington county, Rowell, J., presiding.  Judgment for the plaintiff for the sum named in the report.  The defendant excepts.

The referee's report was as follows :

" The defendants are partners.  In July, 1891, the plaintiff and defendant, W. H. Whitcomb, met and had negotiations looking to the sale by plaintiff to defendants of about eight thousand feet of clapboards then owned by plaintiff at Barre and stored upon the premises of one Nye, on Main street, opposite the dwelling of the plaintiff.  Plaintiff asked six dollars per thousand, but in the course of the negotiations

lowered his price to five dollars per thousand. Defendant told plaintiff that if they were good No. 2 boards they would answer defendant's purpose. Plaintiff requested defendant to inspect the boards for himself; that he (plaintiff) bought them for No. 2 boards and as such offered them for sale. Defendant said that he did not care to look at the boards, as he knew nothing about clapboards, and that he would consult his partner and let plaintiff know whether they would take the boards or not. July 30 plaintiff and said defendant again met and defendant told plaintiff that if the boards were good No. 2 boards they were cheap enough and that defendants would take them. Plaintiff replied, ' look at the boards for yourself,' and insisted that defendant should examine the boards, saying that he bought the boards for No. 2 and supposed that was what they were. On the next day defendants sent a team and drew away three thousand eight hundred and forty feet of the boards, and on the following day drew them back and tendered them to the plaintiff, claiming they were not what they bought, and plaintiff refused to receive and forbade the teamster to unload them on his premises, whereupon the teamster drew the boards to the premises of a neighbor and unloaded them; of which the plaintiff had knowledge and knew that defendants claimed there was no sale of the boards for the reason that they were not of the quality defendants claimed to have purchased and that defendants would not pay for them.

" The plaintiff made no representations whatever to defendants in relation to the quality of these boards; he obtained them in the way of trade from one Densmore for No. 2 clapboards, had never inspected them himself and believed them to be merchantable boards of that grade.

" Clapboard manufacturers put up their boards in four grades, sorting the boards into these several grades as they come from the saw; the boards are then tied into bundles or about sixty feet each, and the outside board is marked to indicate the grade of boards contained in the bundle. Whether the grade is in fact what is marked can only be ascertained by opening the bundles. These boards were marked No. 2, which is the lowest grade and poorest quality put upon the market, and when used in siding buildings are subject to considerable waste.

" When defendants got this three thousand eight hundred

and forty feet of the boards to the building where they intended to use them, their mechanic opened three or four of the bundles and it was ascertained that about one-third of the boards in these bundles so opened were broken, 'shaky,' and otherwise so defective that clapboard manufacturers ordinarily would not have put them into even this low grade, and should have been thrown aside at the mill as waste; the remainder of the boards being good, merchantable No. 2 clapboards.

"Plaintiff claims to recover for the three thousand eight hundred and forty feet of boards taken by defendants as above set forth. If he is entitled to recover his damages are twenty-one dollars and sixty-seven cents, interest computed to the first day of term."

*W. A. & O. B. Boyce* for the defendant.

*Martin & Slack* for the plaintiff.

The defendant was told to look for himself, and cannot claim that he acted upon the warranty or representation of the plaintiff. *Stevens* v. *Smith*, 21 Vt. 90; *Bragg* v. *Morrill*, 49 Vt. 45; *Harris* v. *Waite*, 51 Vt. 480; *Lindley* v. *Hunt*, 22 Fed. Rep. 52; *Reynolds* v. *James*, 21 Fed. Rep. 433; *Smith* v. *Hughs*, 6 L. R., Q. B. 597; 1 Par. Con., 577, 578; *Cook* v. *Newman*, 45 N. H. 339; *Holden* v. *Dakin*, 4 Johns. 421; *Thompson* v. *Ashton*, 14 Johns. 316; *Hart* v. *Wright*, 17 Wend. 267; *Salisbury* v. *Stainer*, 19 Wend. 159; *Connor* v. *Henderson*, 15 Mass. 319; *Humphreys* v. *Comline*, 8 Blackf. 516.

A representation is not a warranty unless so intended and understood by both parties. *Enger & Co.* v. *Dauley*, 62 Vt. 164; *Houghton* v. *Carpenter*, 50 Vt. 588; *Bond* v. *Clark*, 35 Vt. 577.

That the buyer supposed the article would answer a certain purpose which it would not is immaterial. *Wheat* v. *Cross*, 31 Md. 99; *Hecht* v. *Batcheler*, 147 Mass. 335;

*Chanter* v. *Hopkins*, 4 M. & W. 399; *Ollivant* v. *Bayley*, 5 Q. B. 288; Benj. Sales, 60, 78.

START, J.   The plaintiff made no representations to the defendants in relation to the quality of the boards in question, but told them to look at the boards for themselves and insisted that they should examine them.   The plaintiff obtained the boards by way of trade for No. 2 clapboards, which he had never inspected and believed to be merchantable boards of that grade.   The defendants took the boards without inspecting them and the sale was thereby perfected. Nothing further remained to be done, and the title passed to the defendants, and they could not afterwards return the boards and rescind the contract because some of them were not good merchantable No. 2 clapboards.   They had an opportunity to examine them; they were requested to do so. Nothing was said by the plaintiff to lead them to believe that an examination was not necessary, or to induce them not to make an examination.   By inspecting the boards, the defendants could have discovered all that they discovered after they took them.   They elected to take them without examining them, and they must pay the contract price.

*Judgment affirmed.*