J. H. WARREN *vs.* MURRAY BUCK.

October Term, 1898.

Present: Ross, C. J., TAFT, ROWELL, TYLER, START and THOMPSON, JJ.

Opinion filed December 5, 1898.

*Caveat Emptor.*—The defendant, a farmer, sold the plaintiff, a butcher, seven hogs, on inspection, at the full market price per pound live weight, knowing that they were to be killed and cut up for sale in the usual course of the plaintiff's business, as was afterwards done. Two of the hogs had tuberculosis, a latent defect which rendered them unfit for food and dangerous to the health of the consumer. *Held*, that the rule *caveat emptor*, applied, and that the defendant was not liable.

ASSUMPSIT. Trial by court at the December term, 1897, Lamoille county, *Munson*, J., presiding. Judgment for the defendant. The plaintiff excepted.

The defendant, a farmer, sold the plaintiff, a butcher,

seven hogs, on inspection, at the full market price per pound live weight, knowing that they were to be killed and cut up for sale in the usual course of the plaintiff's business, as was afterwards done.   Two of the hogs had tuberculosis, a latent defect which rendered them unfit for food and dangerous to the health of the consumer.

*G. M. Powers* for the plaintiff.

*R. W. Hulburd* for the defendant.

TYLER, J.  The general rule of the common law is, as stated in *Bryant* v. *Pember*, 45 Vt. 487, that upon the sale of goods and chattels, if there is no express warranty of their quality and no fraud, the maxim *caveat emptor* applies, and no warranty is implied by law; and the exception in respect to provisions does not extend beyond the case of a dealer who sells them directly to the consumer for domestic use.   Benj. on Sales, ed. of 1888, 639; 2 Kent's Com., 13th ed., 478, notes.

In *Bragg* v. *Morrill*, 49 Vt. at page 47, the court, referring to this subject, said:   "Generally, in all sales of provisions, there is a like implied warranty that they are wholesome. 1 Pars. on Cont. 470, and notes.   But this doctrine has exceptions, and is held applicable only when the vendor is the producer, or when he exposes them for sale for domestic use as a provision dealer."   American and English cases are cited in support of the rule.   By the term, "producer," the court evidently had reference to articles manufactured by the vendor.   The term may also be applied to certain products of the farm, as was held in *Beals* v. *Olmstead*, 24 Vt. 114, where the plaintiff bought a quantity of hay of the defendant for a particular use, and the defendant knew that the plaintiff would not buy an inferior article for that use; *held* that a warranty was implied.   But in that case the defendant professed and was supposed to have knowledge in respect to the quality of the commodity sold.

In *Pease* v. *Sabin*, 38 Vt. 432, the contract was for the

sale of a quantity of cheese manufactured by the seller, and which the purchaser had no opportunity to inspect, and which the seller knew was bought for a foreign market. There a warranty was implied against the latent defect, afterwards discovered, upon the ground that the defect arose from the defendant's want of care and skill in the manufacture of the cheese.

The case of *Best* v. *Flint & Newton*, 58 Vt. 543, is distinguishable from the present one. There both the plaintiff and the defendants were engaged in the business of buying hogs for market, and the defendants engaged the plaintiff to furnish nine hogs to fill their car for shipment, they to pay the highest ruling price for prime marketable hogs. The plaintiff knew the quality required, and that the defendants were paying the price for that quality, and that the defendants relied upon his judgment to select and furnish hogs of the required quality. It was not a sale of hogs which the plaintiff had on hand, but of hogs to be selected and supplied by him without inspection by the defendants. It was held that there was an implied warranty that the hogs were suitable for the use intended. The contract was executory, and there was an undertaking by the plaintiff to furnish hogs of a certain quality. In the present case there was a sale of specific chattels, and there was no undertaking by the plaintiff that they were of any particular quality, and the defect was not discoverable on inspection.

In *Maynard* v. *Maynard*, 49 Vt. 297, the defendant did not disclose the fact of which he had knowledge, that the animal sold by him to the plaintiff was worthless for the purpose for which the plaintiff informed him he wanted it; *held*, that the concealment of the fact was fraudulent, though the defendant made no affirmative representations, nor was he inquired of whether the animal was suitable.

*Wing* v. *Chapman*, 49 Vt. 33, was an action on the case for the false warranty of a yoke of oxen. After discussing

the subject of the express warranty the court said: "Even without any express warranty, in this class of contracts, the law has now become pretty well settled, that where the special purpose of the buyer is made known to the seller, and the seller, with such knowledge, delivers the goods, the law implies that they are reasonably fit for the purpose specified. If the facts show that the buyer trusts to the judgment of the seller, the seller must see to it that he judges correctly. The question has been much discussed whether this doctrine applied in cases where the seller was not the manufacturer of the goods sold; but it is now settled that it applies generally in all sales of property for a special purpose, if the sale is made on the judgment and skill of the vendor."

In *Badger* v. *Whitcomb*, 66 Vt. 125, the seller made no representation in respect to the boards sold. The defendants had an opportunity to inspect them, and were requested by the seller to inspect them, and by inspecting them they could have discovered the defect; *held* that there was no implied warranty.

In *Howard* v. *Emerson*, 110 Mass. 320, the instruction of the trial court that, "if the plaintiff knew that the defendants wanted to purchase the cow for the purpose of immediately cutting it up into beef, for immediate domestic use, there would be an implied warranty that the cow was fit for that purpose," was held erroneous and the common law rule was adhered to. The same doctrine was held in *Giroux* v. *Steadman*, 145 Mass. 439. The cases that are exceptions to this rule will generally be found to contain the element of deceit, as in *Divine* v. *McCormick*, 50 Barbour 116; in *Wing* v. *Chapman*, 49 Vt. 33; and in *Maynard* v. *Maynard*, 49 Vt. 297. In England, vendors of food are only liable for defects of which they had or might have had knowledge. See cases in notes to Kent's Com., *supra.*

*Judgment affirmed.*