HENRY W. HOWARD *vs.* JASON EMERSON & another.

Upon the sale of a live cow by a farmer to retail butchers, there is no implied warranty that she is fit for food, although he knows that they buy her for the purpose of cutting her up into beef for immediate domestic use.

MORTON, J. This is an action of contract to recover the price of a cow sold by the plaintiff to the defendants. The jury have found that there was no express warranty in the sale. They found that there was an implied warranty, under the instructions given them by the court. These instructions were that, "if the

---

plaintiff knew that the defendants wanted to purchase the cow for the purpose of immediately cutting it up into beef, for immediate domestic use, there would be an implied warranty that the cow was fit for that purpose." The only question before us is as to the correctness of these instructions.

The general rule of the common law is that, upon a sale of goods, if there is no express warranty of the quality of the goods sold, and no fraud, the maxim *caveat emptor* applies, and no warranty is implied by law. *Winsor* v. *Lombard*, 18 Pick. 57. *Mixer* v. *Coburn*, 11 Met. 559. *French* v. *Vining*, 102 Mass. 132.

The defendants contend that when articles of food are sold for immediate domestic use there is an implied warranty or representation that they are sound and fit for food, and that the case at bar falls within this exception to the general rule. *Van Bracklin* v. *Fonda*, 12 Johns. 468. But we think that this exception, if established, does not extend beyond the case of a dealer who sells provisions directly to the consumer for domestic use. In such cases it may be reasonable to infer a tacit understanding, which enters into the contract, that the provisions are sound. The relation of the buyer to the seller and the circumstances of the sale may raise the presumption that the seller impliedly represents them to be sound. But the same reasons are not applicable to the case of one dealer selling to another dealer; and we think the rule is settled that in the sale of provisions, in the course of general commercial transactions, the maxim *caveat emptor* applies, and there is no implied warranty or representation of quality or fitness. *Emerson* v. *Brigham*, 10 Mass. 197. *Winsor* v. *Lombard*, 18 Pick. 57. *Hart* v. *Wright*, 17 Wend. 267. *Wright* v. *Hart*, 18 Wend. 449. *Moses* v. *Mead*, 1 Denio, 378. *Burnby* v. *Bollett*, 16 M. & W. 644.

In the case at bar, the plaintiff was a farmer and the defendants were butchers and dealers in provisions. The subject of the sale was a cow, which the defendants were to kill and prepare for market. It does not fall within the exception above stated as to the sale of provisions for immediate use as food.

The fact that the plaintiff knew the purpose for which the defendants purchased the cow would not render him liable, upon an implied warranty, for unknown defects which made her unfit for that purpose. A warranty of fitness may be implied in contracts to manufacture or in executory contracts to sell, but it is not implied in executed sales of specific chattels. *Chandelor* v. *Lopus*, 1 Smith's Lead. Cas. (5th Am. ed.) 238, and notes.

Whether, if the plaintiff knew of the unfitness and concealed it, he would be liable in an action of tort for fraudulent representations, we need not consider.

Upon the facts of this case we are of opinion that, there being no express warranty and no fraud, the law does not imply a warranty that the cow was fit to be killed for beef, and therefore that the instructions were erroneous. *Exceptions sustained.*

*J. Hopkins*, for the plaintiff.

*F. A. Gaskill*, (*G. F. Verry* with him,) for the defendants.