MELLEN C. HIGHT & another *vs.* H. S. BACON & another.

Suffolk.    March 29. — November 16, 1878.

If a purchaser inspects for himself the specific article sold, and there is no express warranty, and the seller is guilty of no fraud, and is not himself the manufacturer of the article, and the particular use which is to be made of it is not communicated by the purchaser at the time of the sale, there is no implied warranty on the part of the seller that the article is reasonably fit for the purpose to which it is to be applied, although the seller supposes that the purchaser intends to use it for the purpose for which he in fact buys it.

In an action for goods sold and delivered, evidence of a usage of trade, which gives the purchaser a right to revoke the contract when the article which appears to be good is sold as good, but turns out to be rotten and nearly worthless, is not admissible under an answer which does not allege that the sale had been revoked.

CONTRACT on an account annexed for leather sold and delivered. The answer contained a general denial, and alleged an agreement on the part of the plaintiffs that the leather was good, and suitable to be made into boots and shoes, and averred that it was not suitable for that purpose, but was worthless.

At the trial in the Superior Court, before *Bacon,* J., without a jury, it appeared in evidence that the plaintiffs were dealers in leather in Boston, and that the defendants were manufacturers of boots and shoes in Milford; that the leather was sold at the store of the plaintiffs; that the defendants had full opportunity at the time of purchase to examine the whole lot purchased, and did examine two rolls out of the twenty sold; and that the rolls examined were equal in quality to that of the bulk.

It also appeared that the leather was bought by the defendants for the purpose of being manufactured into boots and shoes; and that the plaintiffs, when the sale was made, supposed that such was the purpose for which it was bought, but nothing was said at the sale about this purpose, although an inquiry was made as to whether the leather would crimp; and that the leather appeared to be good leather, and was suitable for the purpose above stated, and both parties believed it to be suitable for such purpose.

The defendants put in evidence tending to show that the leather was rotten and unfit to be made into boots and shoes, and contained a latent defect, but was of some value; and offered evidence tending to show that there was a general and universal usage in the leather trade, that, when leather is sold as good leather, which appears like good leather, and it turns out to be rotten and nearly worthless, the buyer is not bound by the contract of sale, and may revoke it as in this case; but the defendants did not contend that there was any fraud on the part of the plaintiffs. The judge excluded this evidence, on the ground that such a usage would not be valid in this case.

Upon all the evidence in the case bearing upon the sale, the judge found that there was no express warranty; and, upon that

part of the evidence which is stated above, ruled, as a matter of law, that there could be no implied warranty of the leather sold; and ordered judgment for the plaintiffs. The defendants alleged exceptions.

*Defendants, pro se.*

*E. O. Shepard,* for the plaintiffs.

COLT, J. The judge before whom this case was tried found as a fact that there was no express warranty by the plaintiffs of the quality of the leather sold to the defendants; and ruled, as matter of law, that, on the evidence stated in the bill of exceptions, there could be no implied warranty binding upon the plaintiffs.

There was nothing at the time of the sale said by either party of the purpose for which the leather was bought; and the evidence that the defendants were manufacturers of boots and shoes, and at the time of the sale asked the plaintiffs if the leather would crimp, is not sufficient to prove an implied warranty on the part of the plaintiffs, that the leather was suitable for the purpose of being manufactured into boots and shoes, even if the plaintiffs supposed it was bought for that purpose.

It is said that when a manufacturer or dealer contracts to supply an article which he manufactures, or in which he deals, to be applied to a particular purpose, so that the buyer necessarily trusts to the judgment or skill of the manufacturer or dealer, there is, in that case, an implied warranty that the article is reasonably fit for the purpose to which it is to be applied. *French* v. *Vining,* 102 Mass. 132, 135. *Jones* v. *Just,* L. R. 3 Q. B. 197. But where the purchaser inspects for himself the specific goods sold, and there is no express warranty, and the seller is guilty of no fraud, and is not himself the manufacturer of the goods sold, the doctrine of *caveat emptor* applies. *Barnard* v. *Kellogg,* 10 Wall. 383. *Cunningham* v. *Hall,* 4 Allen, 268. *Dounce* v. *Dow,* 64 N. Y. 411.

The case at bar is an action upon an executed sale by one dealer to another of a specific quantity of leather, which the seller did not manufacture, and as to the quality of which he had no superior information. The parties stood on an equal footing; the buyer had full opportunity to examine the goods in the store of the plaintiffs, and did, in fact, examine two rolls, which were fair

samples of the lot. There was no fraud practised. The leather appeared to be good, and both parties believed it to be good and suitable for the purpose of being manufactured into boots and shoes. It is plain that the buyer inspected and selected the leather himself, without relying on the skill and judgment of the seller. The particular use which was to be made of it was not made known by the buyer at the time of the sale, in such a way as to indicate a purpose to put upon the seller the responsibility of furnishing an article reasonably fit for the purpose to which it was to be applied. The defect complained of was a latent defect. *Howard* v. *Emerson*, 110 Mass. 320. *Deming* v. *Foster*, 42 N. H. 165.

The defendants offered to prove a usage of the trade, which gives the buyer a right to revoke the contract where leather which appears to be good is sold as good, but turns out to be rotten and nearly worthless. But this defence is not open under the answer in this case. The answer does not allege that the sale had been revoked by the defendants. It is unnecessary to consider whether the usage offered to be proved is a valid usage.                                    *Exceptions overruled*