Edward Roach, administrator *vs.* Frederick A. Hinchcliff.

Same *vs.* Winton Motor Carriage Company.

Suffolk.　February 25, 1913. — March 31, 1913.

Present: Rugg, C. J., Loring, Braley, Sheldon, & De Courcy, JJ.

*Negligence,* In use of highway. *Automobile. Practice, Civil,* Exceptions. *Agency,* Scope of employment.

If, by reason wholly or in part of the excessive speed at which an automobile is being driven, it "skids" against the curbstone of a street, whereupon the tires burst and the automobile leaves the roadway and kills a person who is walking on the sidewalk, the driver of the automobile can be found to be liable under St. 1907, c. 375, for causing the death of such person by his negligence.

In an action against the driver of an automobile for causing the death of a person by running him down from behind when he was walking on the sidewalk of a public street, if the presiding judge reads to the jury a section of a certain statute which has no application to the facts in evidence but calls their attention to a portion of the section which correctly states the common law as to the duty of one who operates a motor vehicle on a highway to run it at a reasonable and proper rate of speed, "having regard to traffic and the use of the way and the

safety of the public," the defendant is not harmed and has no ground for exception.

No exception lies to the refusal of a judge to rule upon the effect of a part of the evidence separated from the rest.

In an action by an administrator against a motor vehicle company for causing the death of the plaintiff's intestate by running him down with an automobile driven by the manager of the defendant, where there was evidence that the automobile was driven negligently, but the defendant contended that the driver was not acting in the course of his duties as manager at the time of the accident, there was evidence that the manager, acting for the defendant, had sold this automobile to its owner about a year before, and that since that time he occasionally had had possession of it as such manager for testing and for minor repairs, that one of the ordinary duties of the manager was the testing of cars of the defendant that had been sold to customers, that on the morning of the day of the accident the owner had had trouble in operating the engine of the automobile at low speed and had asked the manager to get into the automobile and drive it to the defendant's garage for the purpose of finding out the cause of the trouble and of making the necessary repairs to enable the owner to use it later in the day, that the owner expected to pay whatever charge should be made by the defendant, that the manager got into the automobile and drove and had full charge of it until the accident occurred. *Held,* that there was evidence that the manager at the time of the accident was acting within the scope of his employment as the defendant's agent.

TWO ACTIONS OF TORT, by the administrator of the estate of Harry Evans, under St. 1907, c. 375, for causing the death of the plaintiff's intestate who, when walking on the sidewalk of Columbus Avenue in Boston on September 14, 1910, was run into from behind by an automobile belonging to one Brownell, which was being operated by the defendant Hinchcliff, who was the manager of the defendant Winton Motor Carriage Company. Writs dated respectively October 17 and 31, 1910.

In the Superior Court the cases were tried together before *Dubuque,* J. The evidence is described in the opinion. At the close of the evidence the defendant Hinchcliff asked for certain rulings, of which the first and second were as follows:

"1. As matter of law this defendant was not negligent and the plaintiff cannot recover.

"2. There is no evidence that this defendant was negligent and the plaintiff cannot recover."

The judge refused to make these and other rulings requested by this defendant. He gave as an instruction to the jury the twelfth ruling requested by him, which was as follows: "12. This defendant is not deemed to be careless merely because in an

emergency he failed to do that which would have been best as shown by subsequent events."

The defendant Winton Motor Carriage Company asked the judge to make certain rulings, of which the first and second were as follows:

"1. Upon all the evidence and pleadings, the plaintiff is not entitled to recover against the Winton Motor Carriage Company.

"2. There can be no recovery as damages to compensate the plaintiff for the death of Mr. Evans, the deceased."

The judge refused to make these and other rulings requested by this defendant.

The portion of St. 1909, c. 534, § 16, to which the judge called the attention of the jury as showing the rule as to the rate of speed of motor vehicles laid down by the Legislature was as follows: "Every person operating a motor vehicle on any way in this Commonwealth shall run it at a rate of speed at no time greater than is reasonable and proper, having regard to traffic and the use of the way and the safety of the public."

The jury returned a verdict for the plaintiff in each of the cases in the sum of $3,500, finding each defendant liable for this amount. The defendants alleged exceptions.

The cases were submitted on briefs.

*W. M. Richardson & W. P. Everts,* for the defendant in the first case.

*M. O. Garner,* for the defendant in the second case.

*W. Flaherty,* for the plaintiff.

DE COURCY, J. These are two actions of tort under St. 1907, c. 375, to recover for the death of Harry Evans, the plaintiff's intestate. At the time of the accident Evans was walking on the easterly side of Columbus Avenue beyond Roxbury Crossing, when an automobile driven by the defendant Hinchcliff ran upon the sidewalk behind him and struck him with such force that his death resulted without conscious suffering. That he was in the exercise of due care is not disputed.

1. Considering first the exceptions in the action against the individual defendant, we are of opinion that the issue of his negligence was for the jury. There was evidence that the street was wide, straight, level and dry; no other vehicles were in the highway, and it was a clear morning. As to the speed of the automo-

bile there was conflicting testimony, but one witness placed it at eighteen miles and another as high as twenty-five miles an hour; and it could be found that after going upon the sidewalk the car ran a distance of thirty or forty feet, with no diminution of speed, before it struck the deceased. There was some trouble with the engine that caused it to "skip" when running at low speed, but this did not interfere with the operation of the brake or of the steering gear; and the jury could find that if the car had been under proper control it could have been stopped after the tires exploded and before the deceased was reached. In fact they well might find that it was due in whole or in part to excessive speed that the automobile "skidded" against the curbstone and caused the tires to burst and the car to leave the roadway.

St. 1909, c. 534, § 16, which the presiding judge read to the jury, had no application to the facts in evidence. Nevertheless the defendants were not harmed thereby, as the law set forth in the portion of the statute to which attention was called did not differ from the common law as to reasonable and proper speed, "having regard to traffic and the use of the way and the safety of the public."

What we have said disposes of the first and second requests for instructions. The twelfth request was given. The others properly were refused, as the defendant sought thereby to select a part of the evidence and to obtain a ruling upon the effect of such part when separated from its context. The charge adequately covered the subject matter. *Commonwealth* v. *Adams*, 186 Mass. 101.

2. The only question involved in the action against the Winton Motor Carriage Company in addition to those already considered is whether Hinchcliff, who was its New England manager, was acting in the course of his duties as such manager at the time of the accident. This also was for the jury upon the evidence. He had sold this automobile to Brownell about a year before, and in the meantime had had possession of it occasionally for testing and for minor repairs; and the company's garage in Boston was used by Brownell for its storage. One of the ordinary duties of Hinchcliff was the testing of cars of the Winton Company that had been sold to customers. On the morning of the accident Brownell had trouble in operating the engine at low speed and he asked Hinchcliff to get into the automobile and drive it from Sharon to Boston,

for the purpose of finding out the cause of the trouble and of making the necessary repairs in time to enable him to use it later in the day; and Brownell expected to pay whatever charge should be made by the Winton Company. Hinchcliff drove and had full charge of the automobile from the time that he entered it until the accident occurred. Under this state of facts, clearly the judge could not give the first or second requests for instructions. The third request was waived, as there was no claim for conscious suffering. As to the remaining ones, it is enough to say that the judge gave all those to which the defendant company was entitled.

In each case the entry must be

*Exceptions overruled.*