Jac. Bokenfohr Company, Ltd., Appellant, *v.* Rudolph Gross and Others, Copartners, Doing Business under the Firm Name and Style of Ignatius Gross Company, Respondents.

First Department, May 4, 1917.

Sale — action for purchase price — sale of existing and specific goods after inspection by defendants' agent — title — warranty — caveat emptor — evidence.

Where, in an action to recover the purchase price of goods, it appears from the pleadings and the evidence that the agent of the defendants bought the goods as agent, and accepted delivery at the place of shipment, there is established a sale of existing and specific goods after inspection by defendants' agent, and title passed at once to the defendants.

As the agent for the defendants dealt with the plaintiff on equal terms so far as the quality and condition of the goods were concerned, the rule of *caveat emptor* applies, and there was no warranty express or implied.

Hence, evidence as to the condition of the goods upon receipt by defendants after a sea voyage, as well as expert evidence to the effect that the bad condition as shown on arrival was the result of defects existing at the time of the sale, was immaterial and inadmissible.

Appeal by the plaintiff, Jac. Bokenfohr Company, Ltd., from a determination and order of the Appellate Term of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on or about the 17th day of May, 1915, affirming a judgment of the Municipal Court of the City of New York, borough of Manhattan, first district, dismissing the complaint.

*Edward K. Sumerwell,* for the appellant.

*Harry Yarm,* for the respondents.

Davis, J.:

The action was brought in the Municipal Court to recover the sum of $318, the purchase price of ten cases of garlic, which were sold and delivered f. o. b. New Orleans. The answer admits that on the 26th of May, 1914, the plaintiff sold and delivered to the defendants the garlic in question in New

Orleans, La. As a separate defense and by way of counter-claim the defendants allege that the plaintiff warranted the garlic to be of choice, dry medium head, with strings absolutely dry, and of good, sound and merchantable quality; that the contract of warranty was broken in that the plaintiff delivered the garlic with strings wet, garlic damaged and of bad odor and of unsound and unmerchantable quality; that by reason thereof the defendants refused to accept the garlic, of which they gave due notice to the plaintiff, and that the garlic was wholly worthless and of no value, to defendants' damage of $397.50. The case was tried by the court without a jury and judgment was rendered for the defendants, dismissing the complaint.

The plaintiff is engaged in the business of buying and selling garlic. Its place of business is in New Orleans. The defendants are merchants in New York city. In April, 1914, the defendants employed Peter R. Coyle in New Orleans to purchase for them garlic for shipment to New York. This appears from defendants' communication of April 21, 1914, to Coyle. The latter was not able to secure the garlic required by the defendants until May 21, 1914. On that day he wrote defendants that "Garlic is commencing to come in pretty freely and is selling here at 8½ cents and 9 cents pound, put up in 400 pound crates. If you can use any at the price kindly wire us on receipt of this letter and will have order filled to best advantage at your ideas if in line. Awaiting your favors, we are." On receipt of this letter defendants wrote Coyle on May twenty-third: "Your letter of the 21st at hand, and we confirm our wire of even date as follows: Letter 21st received if garlic offered is choice dry medium heads you can ship first steamer Morgan Line two to three thousand pounds if seven one half cents f. o. b. your city. Wire confirmation. We await your wire confirmation regarding this order."

On May 25, 1914, defendants instructed Coyle to ship the garlic by the next day's steamer, and later communications prove that the sale was closed and confirmed as made by Coyle as the agent of the defendants. These communications also show that the defendants relied upon Coyle to select, inspect

and purchase the garlic, and agreed to the proposition of Coyle that they should be in 400 pound crates.

The plaintiff introduced in evidence the testimony of Coyle taken by deposition. He testified that the defendants were his customers and that he examined the garlic before shipment and that the shipment appeared choice. The plaintiff also read in evidence depositions of the man who packed the garlic, of a drayman who examined it before it was packed, and of three others connected with the plaintiff, all of whom were experienced in the business and had examined the garlic before it was packed.

These witnesses all say, in substance, that the garlic when packed for shipment was medium in size, dry and in excellent condition. The witness Boh testified by deposition that the garlic was spread out on the floor and inspected by Coyle.

The garlic arrived in New York on June 1, 1914, and the defendants were allowed to introduce evidence to show its bad condition on arrival and by the defendant Felix Gross, as an agent, to show that the bad condition was the result of conditions existing in the garlic before shipment. It appears that the defendants examined four of the ten cases and found some of the garlic wet and rotten, whereupon they refused to take it and so notified the plaintiff.

It is clear from the pleadings and the evidence that Coyle bought these goods as the agent of defendants and accepted delivery of them in New Orleans. It was a sale of existing and specific goods made after inspection by defendants' agent Coyle. The title, therefore, passed at once to the defendants. (*Brigg* v. *Hilton*, 99 N. Y. 517, 529.) It is not a case where the vendee relied upon the judgment of the vendor. There was, therefore, no warranty as to the condition of the goods. (*Hight* v. *Bacon*, 126 Mass. 10.) Coyle as agent for the defendants dealt with the plaintiff on equal terms so far as the quality and condition of the goods were concerned. It is a case where the rule of *caveat emptor* applies, and there was no warranty, express or implied. Therefore, the evidence as to the condition of the garlic on the dock at New York after a sea voyage, as well as the expert evidence to the effect that the bad condition as shown on arrival was the result of defects existing at the time of the sale, was immaterial and inadmissible.

For these reasons, I think, the determination of the Appellate Term should be reversed, with costs, and the judgment of the Municipal Court reversed, with costs, and judgment directed for the plaintiff as prayed for in the complaint.

CLARKE, P. J., SCOTT, SMITH and PAGE, JJ., concurred.

Determination and judgment reversed, with costs, and judgment ordered as directed in opinion.