WINDRAM MANUFACTURING COMPANY *vs.* BOSTON BLACKING COMPANY.

Suffolk.   December 9, 1920. — June 2, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Actionable Tort.   Sale, Caveat emptor.*

An action of tort cannot be maintained against a manufacturer of paste or cement by one who purchased from a third person some of the defendant's product, which the defendant knew was being manufactured for the plaintiff to use and which, because it was manufactured by the defendant " carelessly and negligently," damaged fabrics upon which the plaintiff used it in the course of his business and caused him a pecuniary loss.

The declaration in an action of tort, brought against a manufacturer of a certain cement by a purchaser of it from one for whom the manufacturer made it, contained allegations that " the defendant in such a way manufactured and mixed and put such materials into the cement . . . that said cement was, as the de-

fendant was well aware, of a deleterious and dangerous character and certain to injure the fabrics and linings to which it should be applied by the plaintiff" and that the defendant knew that the cement was made for the sole use of the plaintiff and was aware that by reason of his negligence in the process of manufacture it was certain to injure fabrics upon which the plaintiff was to use it in his business. Upon demurrer to the declaration, it was *held,* that

(1) The allegations fell short of setting out a cause of action arising from the article manufactured by the defendant being "inherently dangerous;"

(2) The declaration fell short of alleging an intentional tort by the defendant;

(3) Mere silence by the defendant did not render him liable in the circumstances alleged;

(4) No cause of action was shown.

TORT, with a declaration as amended in two counts, which are described in the opinion. Writ dated February 20, 1920.

The defendant demurred. In the Superior Court, the demurrer was heard by *Wait,* J., and was sustained, and on motion of the defendant judgment was entered in its favor. The plaintiff appealed.

*G. P. Wardner,* for the plaintiff.

*L. Withington,* (*W. J. Pike* with him,) for the defendant.

DE COURCY, J. The first count in the amended declaration alleges in substance that the plaintiff was engaged in the business of pasting linings to fabrics by means of machinery, using in the process a paste or cement, which it purchased from one Ellis; that the defendant manufactured the cement for Ellis, and was aware that it was to be so used by the plaintiff; and that said blacking company negligently manufactured and mixed the paste, so that it injured the fabrics on which it was used, to the pecuniary loss of the plaintiff.

The allegation that the defendant " carelessly and negligently " manufactured and mixed the cement is equivalent legally to a statement that the defendant owed to the plaintiff a duty to exercise reasonable care in making the cement, and failed to perform that duty. *Bergeron* v. *Forest,* 233 Mass. 392, 399. The long established general rule is that the manufacturer of an article is not liable for negligence in its manufacture to a third person with whom he has no contractual relations. *Winterbottom* v. *Wright,* 10 M. & W. 109. *Huset* v. *J. I. Case Threshing Machine Co.* 120 Fed. Rep. 865. *Davidson* v. *Nichols,* 11 Allen, 514. *Lebourdais* v. *Vitrified Wheel Co.* 194 Mass. 341. *Tompkins* v. *Quaker Oats Co. post,* 147. See cases collected in 1 Ann. Cas. 755 note; 24

R. C. L. 512; 48 L. R. A. (N. S.) 213 note.   Whatever legal obligation the defendant may be under to its customer, Ellis, does not extend to sub-vendees.   See *Leavitt* v. *Fiberloid Co.* 196 Mass. 440, 444; *Farrell* v. *Manhattan Market Co.* 198 Mass. 271; *Gearing* v. *Berkson,* 223 Mass. 257, 260.   The plaintiff has not stated a cause of action in the first count.

The second count contains an allegation that "the defendant in such a way manufactured and mixed and put such materials into the cement . . . that said cement was, as the defendant was well aware, of a deleterious and dangerous character and certain to injure the fabrics and linings to which it should be applied by the plaintiff."   Apparently it is sought thereby to bring the case within a recognized exception to the above general rule.   As that exception ordinarily is stated, "an act of negligence of a manufacturer or seller which is imminently dangerous to the life or health of mankind, and which is committed in the preparation or sale of an article intended to preserve, destroy, or affect human life, is actionable by third persons who suffer from the negligence regardless of privity of contract."   24 R. C. L. 512.   *Carter* v. *Towne,* 98 Mass. 567.   *Wellington* v. *Downer Kerosene Oil Co.* 104 Mass. 64.   *Wilson* v. *J. G. & B. S. Ferguson Co.* 214 Mass. 265.   *Thornhill* v. *Carpenter-Morton Co.* 220 Mass. 593.   1 Ann. Cas. 755 note.   A tendency appears in some recent cases to extend the class of "inherently dangerous" articles, so as to include not only those that in their ordinary state are dangerous to health and safety, such as poisons and explosives, but also those that are reasonably certain to place life and limb in peril because of negligent preparation.   *MacPherson* v. *Buick Motor Co.* 217 N. Y. 382.   *Johnson* v. *Cadillac Motor Car Co.* 261 Fed. Rep. 878.   *Krahn* v. *J. L. Owens Co.* 125 Minn. 33.   Ann. Cas. 1917 E 584 note.   No authority has been called to our attention which imposes a common law duty of care toward strangers to the contract, upon the maker of an article which is not inherently dangerous, but is likely to cause a loss to property because of careless preparation.   See *Lukens* v. *Freiund,* 27 Kans. 664.

The second count also includes an element distinct from negligence, and quite apart from the contract of sale, — namely, that of *scienter.*   For the purposes of the demurrer we must assume that the defendant knew that this product was made for the sole use of

the plaintiff, and was aware that by reason of its (the defendant's) carelessness in the process of manufacture the cement was certain to injure the fabrics of the plaintiff. This has some of the characteristics of an intentional tort, for which a wrongdoer is liable unless he has a legal justification; but the declaration falls short of that charge. There is present no allegation of a representation made by the defendant, either by word or conduct, which might mislead; no averment of any artifice employed, or of active concealment of defects; no alleged utterance of a half truth which is in effect a lie, or the use of other means to throw the plaintiff off its guard; any of which might be sufficient to prevent the application of the general rule as to non-disclosure, and render the defendant guilty of fraud. *Langridge* v. *Levy,* 2 M. & W. 519. *George* v. *Skivington,* L. R. 5 Ex. 1. *Burns* v. *Dockray,* 156 Mass. 135. *Roberts* v. *Anheuser Busch Brewing Association,* 211 Mass. 449. *Thornhill* v. *Carpenter-Morton Co. supra. Kuelling* v. *Roderick Lean Manuf. Co.* 183 N. Y. 78, and cases cited. *Woodward* v. *Miller,* 119 Ga. 618. *Skinn* v. *Reutter,* 135 Mich. 57. *Lewis* v. *Terry,* 111 Cal. 39. *Huset* v. *J. I. Case Threshing Machine Co.* 120 Fed. Rep. 865, 871. Mere silence on the part of the defendant is all that is charged. But failure to disclose known facts does not amount to fraud, and is not the basis of an action for deceit, unless the parties stand in such relation to one another that one is under legal or equitable obligation to communicate the facts to the other. "It may now be said to be firmly established that silence as to matters which there is no duty, original or supervening, to divulge, however actionable a positive misrepresentation of such matters may be, and however censurable *in foro conscientiæ* even the withholding of them may be, subjects the party observing silence to no legal liability whatever." Bower on Actionable Non-Disclosure, 135. *Potts* v. *Chapin,* 133 Mass. 276. *Van Houten* v. *Morse,* 162 Mass. 414, 417. *Phinney* v. *Friedman,* 224 Mass. 531, 533.

The demurrer was sustained rightly; and the judgment for the defendant must be affirmed.

*So ordered.*