PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAFAEL MALDONADO MÁRQUEZ, Defendant and Appellant.

No. 4960. Argued March 9, 1933.—Decided April 28, 1933.

*De La Torre & Ramírez* for appellant. *R. A. Gómez* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Section 2 of the local Food and Drugs Law (Laws of 1931, p. 414) says that a drug shall be deemed to be adulterated, if when "sold under or by a name recognized in the United States Pharmacopœia or National Formulary, it differs from

the standard of strength, quality, or purity, as determined by the test laid down in the United States Pharmacopœia or National Formulary official at the time of investigation." It provides: "That no drug defined in the United States Pharmacopœia or National Formulary shall be deemed to be adulterated if another standard is plainly stated on the label thereof, although said standard may differ from that determined in the United States Pharmacopœia or National Formulary." By the terms of section 4 any person who shall sell, offer, or have for sale, or store any adulterated drug is guilty of a misdemeanor. Section 7 provides that: "No dealer shall be prosecuted when he can establish a written guaranty signed by the wholesaler, importer, agent, representative, distributor, or manufacturer residing in Porto Rico or in the United States, from whom he purchases such articles, to the effect that the same are not adulterated or misbranded. Said guaranty, to afford protection, shall contain the name and address of the person or firm making the sale to such dealer, and in such case the prosecution shall be instituted against the responsible person or firm."

Maldonado was convicted of having, and offering for sale, and storing adulterated Seidlitz powders. The evidence for the defense showed or tended to show that Maldonado kept and sold the powders in original packages, or sealed envelopes labeled "Seidlitz" by the manufacturer, Juvelina Company of Ponce, with directions for use and the telephone number of the said manufacturer; that Maldonado had written the Juvelina Company for a guaranty, and the company had replied that the health authorities had taken samples of the powder and had seized (*decomisado*) its stock, pending further action by the department of health; and that at the time of the trial in the instant case another prosecution had been commenced against the Juvelina Company.

The contention of appellant is that there was no *mens rea* and that the name and address of the manufacturer on the original package in which the powders were kept and

sold was more than equivalent to the written guaranty referred to in section 7 of the law. We can not concur in this view. A criminal intent is not an element of the offense. *West* v. *Emmanuel,* 198 Pac. 180; 53 L.R.A. 329, and the case cited in the note to *Windram Mfg. Co.* v. *Boston Blacking Co.,* 17 A.L.R. 669, are not in point. The label placed on the original package by the Juvelina Company was neither a written guaranty nor the equivalent of ''a written guaranty signed by the wholesaler . . . or manufacturer . . . to the effect that'' the contents of the package were ''not adulterated or misbranded.''

The judgment appealed from must be affirmed.