EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAFAEL MALDONADO MÁRQUEZ, acusado y apelante.

No. 4960.—*Sometido:* Marzo 9, 1933. *Resuelto:* Abril 28, 1933.

*De la Torre & Ramírez,* abogados del apelante; *R. A. Gómez,* Fiscal, abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La sección 2 de la ley local de alimentos y drogas (Leyes de 1931, pág. 415), expresa que una droga se considerará adulterada si "se vende bajo un nombre reconocido por la Farmacopea de los Estados Unidos o el Formulario Nacional y difiere de la norma de fuerza, calidad o pureza expresada en los ensayos que constan en estos dos formularios oficiales, en la época de la investigación." Dispone "que ninguna droga descrita en ambos formularios se considerará adulterada, si se expresa claramente otra norma en el rótulo, aunque ésta difiera de la oficial de aquellos dos formularios." Por virtud de los términos de la sección 4, toda persona que vendiere, ofreciere o tuviere en venta, o almacenare cualquiera droga adulterada, será culpable de *misdemeanor*. La sección 7 provee que: "Ningún vendedor podrá ser procesado judicialmente si presenta una garantía escrita y firmada por cualquier comerciante al por mayor, importador, agente, representante, distribuidor o manufacturero, en Puerto Rico o en los Estados Unidos, de los cuales se obtenga en compra el artículo aludido, haciéndose constar que no está adulterado o falsamente rotulado. Dicha garantía, para ofrecer la debida protección, deberá contener el nombre y la dirección completa de la persona o firma que hizo la transacción con el vendedor. En este caso el proceso judicial se instituirá contra la persona o firma responsable. . ."

Maldonado fué convicto de tener y ofrecer en venta y almacenar polvos de Seidlitz adulterados. La prueba de descargo demostró, o tendió a demostrar, que Maldonado tenía y vendía los polvos en paquetes originales o sobres sellados que habían sido rotulados por la fabricante, "The Juvenilina Company," de Ponce, con las direcciones para su uso y el número del teléfono de la referida fabricante; que Maldonado había escrito a la Juvenilina Company pidiéndole una garantía y se le replicó que las autoridades sanitarias habían tomado muestras del polvo y decomisado sus existencias hasta

que el Departamento de Sanidad dispusiera lo procedente; y que para la época del juicio del presente caso ya se había iniciado otro proceso contra la Juvenilina Company.

La contención del apelante es que no hubo *mens rea* y que el nombre y dirección de la fabricante que aparecían en el paquete original en que se guardaban y vendían los polvos eran más que un equivalente de la garantía escrita a que se refiere la sección 7 de la ley. No podemos estar conformes con ese criterio. La intención criminal no es un elemento del delito. El caso de *West* v. *Emanuel,* 198 Pac. 180, 53 L.R.A. 329, y los citados en la nota al calce del de *Windram Mfg. Co.* v. *Boston Blacking Co.,* 17 A.L.R. 669, no son aplicables. El rótulo fijado en el paquete original por la Juvenilina Company no era una garantía escrita ni el equivalente de "una garantía escrita y firmada por cualquier comerciante al por mayor . . . o manufacturero . . . haciéndose constar que" el contenido del paquete "no está adulterado o falsamente rotulado."

*Debe confirmarse la sentencia apelada.*