Morton, J.
This is an action of tort to recover damages for personal injuries alleged to have been suffered in the use of a cake of Life Buoy soap manufactured by the defendant and purchased by the plaintiff from one of the several distributors thereof. The basis of the action is the alleged negligence of the defendant in the manufacture of the soap. The defendant demurred. The demurrer was overruled, and the case was reported by the trial judge in accordance with C. 325 of the Acts of 1931 with a stipulation that judgment is to be entered for the plaintiff if the demurrer were properly overruled.
The general rule, applicable to a case of this kind, with exceptions thereto, are set forth in Tonsman vs. Greenglass, 248 Mass. 275 at 277 as follows:
“It is a long established general rule that the manufacturer of a defective article is not liable to an ultimate consumer, who has purchased from a middleman, for injuries resulting from negligence in its manufacture, where there is neither fraud nor privity of contract, and the defective article is not inherently dangerous. Tompkins vs. Quaker Oats Co., 239 Mass. 147, and eases cited. Windram Manuf. Co. vs. Boston Blacking Co., 239 Mass. 123. 17 A, L. R. 674 note, and cases collected.
The courts generally, although on various grounds, recognize as an exception to this rule the liability of the manufacturer to third persons for negligence in the preparation of food for human consumption: whether the unfitness of the food be due to deleterious ingredients, or to the presence of a foreign substance.”
In Barrango vs. Hinckley Rendering Company, 230 Mass. 93 the Court says at page 94:
“There is nothing inherently dangerous in a bar of soap;”
*74 In view of the above citations the1 logic of the situation would obviously indicate that there is no liability in the instant case, because neither fraud nor privity of contract is alleged or disclosed in the declaration, soap is not inherently dangerous nor a preparation of food, and, hence, the defendant, the manufacturer thereof, is not liable for negligence in its manufacture.
The plaintiff relies to a certain extent at least upon certain language in the opinion in Windram Manuf. Co. vs. Boston Blacking Company, 239 Mass. 123 at page 125 as follows:
“A tendency appears in some recent cases to extend' the class of ‘inherently dangerous’ articles, so as to include not only those that in their ordinary state are dangerous to health and safety, such as poisons and explosives, but also those that are reasonably certain to place life and limb in peril because of negligent preparation. ’ ’
Somewhat similar language occurs in the opinion in Tompkins vs. Quaker Oats Co., 239 Mass. 147 at page 149 as follows:
“And there is a tendency in certain courts to extend this doctrine to cases where an article not inherently dangerous becomes so by reason of negligent preparation.”
We can find no case in which the tendency above referred to has been adopted or applied by our Supreme Judicial Court. This case, therefore, comes under the general rule.
The plaintiff does not set forth a cause of action by alleging that the soap was advertised, and represented for sale to the public, as a wholesome and fit product for human use. In Alpine vs. Friend Bros. Inc., 244 Mass. 164 the Court, with reference to a somewhat similar allegation as to advertisements and representations, says at p. 167, and 168:
*75 “We do not think the printed representations above quoted, fairly understood, can be construed to be a deer laration that by no accident or mischance can there ever be any foreign substance in any loaf of bread manufactured by the defendant. There is no evidence and no claim that the defendant and its agents had knowledge of the presence of the tin in the loaf of bread; nor is there any evidence that the printed statements were made with recklessness and without an honest belief in the truth of the representations; nor is there any evidence of the declaration of a half truth or of the concealment of any fact which the defendant could have divulged.”
Even if the instant case did not come within the general . rule above referred to, the plaintiff could not recover on the basis of advertisement and representation in the absence of an allegation of knowledge of the defect on the part of the defendant, or that the statements were made with recklessness, and without an honest belief of the truth thereof.
As this ease comes within the general rule hereinbefore set forth, the defendant is not liable and its demurrer should have been sustained. An order will be entered revoking the ruling of the trial court and sustaining the demurrer.