## KARGER v. ARMOUR & CO.

### No. 6687.

District Court, D. Massachusetts.

Dec. 4, 1936.

Ely, Bradford, Thompson & Brown, of Boston, Mass., for plaintiff.

Johnson & North, M. M. Johnson, and J. W. Black, Jr., all of Boston, Mass., for defendant.

BREWSTER, District Judge.

In this action plaintiff has declared in a count in tort and a count in contract. Plaintiff now waives her count in contract, and the case is before the court upon defendant's demurrer to the first count.

This count alleges that the defendant is engaged in the business of slaughtering hogs and preparing and selling meats intended for human consumption, which meats the defendant sold to retailers.

Plaintiff further alleges that she purchased from a retailer pork chops which the retailer had obtained from the defendant. "The plaintiff says the defendant sold the said pork chops to the retailer having failed to perform its duty to make or cause to be made, or having negligently made or caused to have made certain inspections for the discovery or detection of certain infection, disease or parasites in the carcass of the hog of which the said pork chops were a part, so that said carcass might be eliminated from those used or sold by the defendant for human consumption."

It is also alleged that the pork chops were unwholesome, containing an infection known as "trichinae," and that the plaintiff, as a result of eating the pork chops, became ill with a disease known as "trichinosis," which injuries resulted from the defendant's negligence as aforesaid.

The rule, based upon an implied warranty of fitness, which imposes liability upon a dealer from whom one purchases unwholesome food (Holt v. Mann [Mass.] 200 N.E. 403; Farrell v. Manhattan Market Co., 198 Mass. 271, 84 N.E. 481, 15 L.R.A.(N.S.) 884, 126 Am.St.Rep. 436, 15 Ann.Cas. 1076) does not extend to the manufacturer; here, the packer (Howard v. Emerson, 110 Mass. 320, 14 Am.Rep. 608; Farrell v. Manhattan Market Co., supra).

The long-established general rule in Massachusetts is that the manufacturer of an article is not liable for negligence in its manufacture to a third person, with whom it has no contractual relations. Lebourdais v. Vitrified Wheel Co., 194 Mass. 341, 80 N.E. 482; Windram Mfg. Co. v. Boston Blacking Co., 239 Mass. 123, 131 N.E. 454, 17 A.L.R. 669; Tompkins v. Quaker Oats Co., 239 Mass. 147, 131 N.E. 456.

There are, however, recognized exceptions to this rule, one of which is that a tort-feasor may be liable to a third person for negligence in the preparation of food for human consumption. Roach v. Hinchcliff, 214 Mass. 267, 101 N.E. 383;

Newhall v. Ward Baking Co., 240 Mass. 434, 134 N.E. 625; Tonsman v. Greenglass, 248 Mass. 275, 142 N.E. 756; Richenbacher v. California Packing Corp., 250 Mass. 198, 145 N.E. 281.

This exception to the general rule is stated in 24 R.C.L. 512, as follows: "An act of negligence of a manufacturer or seller which is imminently dangerous to the life or health of mankind, and which is committed in the preparation or sale of an article intended to preserve, destroy, or affect human life, is actionable by third persons who suffer from the negligence regardless of privity of contract."

In order to render the defendant in this action liable to the plaintiff, a third party, it will be necessary to prove that the defendant knew, or ought to have known, that it was putting into the channels of trade pork which was diseased, as alleged, and that a reasonable inspection would have disclosed the presence of the trichinae.

The allegations of count 1 are not sufficient to bring the defendant within the exception above stated.

From language in the opinion of the Supreme Judicial Court of Massachusetts in the case of Holt v. Mann, supra, it is apparent that the proof of these allegations is not likely to be within the realm of possibility; nevertheless, the question whether any reasonable inspection would have revealed trichinae is a question of fact which cannot be determined upon the pleadings.

Unless the plaintiff sees fit to amend her first count substantially in accordance with this memorandum within twenty days, the defendant's demurrer may be sustained.