*Northern District*

A.D. No. 5616

## S. A. ERCOLANI
v.
## SIEGEL'S BROADWAY AUTO PARTS, INC.
and
## MAX SIEGEL

(May 18, 1962)

*Present:* Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Harrington, J.* in the District Court of Eastern Essex. No. 15883 of 1960.

*Eno, J.* This is an action of contract with a declaration in two counts, one under a contract of sale of a motor vehicle, and the other on an implied warranty of fitness.

The answer is a general denial.

The reported evidence is as follows:

"At the trial it was agreed that on July 13, 1960, the plaintiff bought a used truck from the defendant who knew that the truck was to be used to haul fish, for $1200.00, which the plaintiff paid on July 15, 1959. The defendant represented that the truck was suitable for this purpose and after the truck failed mechanically and after several attempts by the defendant to remedy the failure, the truck was in such condition that it could no longer be used for the purpose intended.

The plaintiff testified in detail that the defendant told the plaintiff that the truck being purchased had a new clutch assembly, rebuilt motor, and a body that would not leak. The defendant further represented that this truck would be suitable in the plaintiff's retail fish waste business. The plaintiff further testified that on at least twelve occasions he had to bring the truck back to the defendant's place of business for repairs and mechanical adjustment (that were not apparent from the plaintiff's examination at the time of the sale.) The plaintiff further testified as to loss in time and replacement of truck parts without specifying the amount thereof, in addition to the $1200.00 which the plaintiff paid defendant for the truck. The plaintiff further testified that the defendant had assured the plaintiff that the truck would operate without any difficulty. Upon conclusion of the

plaintiff's testimony, the Court indicated it would make a finding for the defendant. The defendant did not testify and the Court, on July 10, 1961, made a finding for the defendant."

The plaintiff made the following requests for rulings which were all denied:

"1. The evidence warrants a finding for the plaintiff.

2. The evidence does not warrant a finding for the defendant.

3. There is an implied warranty of fitness on the part of the seller as he did fraudulently and impliedly misrepresent the said motor vehicle to the plaintiff.

6. As a matter of law, the practical inspection of the motor vehicle sold to the plaintiff by the defendant did not disclose the unsound condition of the motor vehicle, so that the buyer may rely on an implied warranty of fitness.

9. As a matter of law, the plaintiff having returned or offered to return the motor vehicle in substantially good condition as it was at the time it was sold, may recover the price he had paid to the defendant."

and the following which were granted:

"4. As a matter of law, with the sale of said motor vehicle, went an implied warranty on the part of the seller that the motor vehicle was reasonably fit for the purpose to which it was to be applied. 126 Mass. 10.

5. As a matter of law, the plaintiff-buyer's

test of the motor vehicle not revealing latent defects are not conclusive on the buyer. 24 F 2d, 329.

7. The evidence warrants a finding that the plaintiff set forth to the defendant the particular purpose for which he was to use the motor vehicle.

8. As a matter of law, the writing of 'as is' on the bill of sale did not preclude the implied warranty of fitness for the plaintiff's purpose made known to the defendant.

10. As a matter of law, the reciting of 'as is' on the bill of sale, does not exclude any implied warranty made by the defendant to the plaintiff.

11. As a matter of law, actions of the defendant-seller subsequent to the sale and delivery of the motor vehicle, combine with the seller's oral statements at the time of the sale are binding on the seller without new consideration as either express or implied warranty. 146, Mass. 195."

The Court found the following facts:

"On July 13, 1960, Plaintiff bought a used truck from the defendant who knew that the truck was to be used to haul fish. Defendant represented that the truck was suitable for this purpose. Thereafter, the truck developed numerous mechanical difficulties with the motor and hoisting apparatus. Some of the defects were repaired by the defendant without charge. In October the truck was in such a con-

dition that it could no longer be used for the purpose intended.

The evidence is inconclusive as to whether the condition of the truck in October was the result of any defect at the time of sale or whether the conditions resulted from the plaintiff's own lack of care and maintenance and damages which resulted from his use of the vehicle during the period of its operation.

The Plaintiff having failed to sustain the burden of proof of a warranty of fitness or use for the purpose intended, finding must be for the defendant."

The report is before us on the denial of requests for rulings 1, 2, 3, 6 and 9.

Since the trial judge found that the plaintiff had not sustained his burden of proof the plaintiff's requests became immaterial, and the report is, therefore, to be dismissed.

Merrill B. Neariss of Gloucester, for the Plaintiff.
Bernard Ullian of Everett, for the Defendants.