Jodrey, J.
In the trial court, the plaintiffs (Tashjians) obtained a default judgment against the defendant herein (Terranova), an attorney-at-law, for his negligence and deceit in representing them in an action to recover a real estate deposit. They were awarded $2,109.68, but the court declined to award multiple damages, costs, and attorney’s fees sought by Tashjian under G.L. c. 93A. Tashjian appeals.
The sole question presented for our determination is whether the trial court erred in failing to determine that the conduct of Terranova constituted an unfair and deceptive trade practice under G.L. c. 93A for which multiple damages might be awarded.
From the report it appears;
1. The plaintiffs retained Terranova’s services to recover a deposit made under a purchase and sale agreement. On July 18, 1978, the defendant in that action (Brown) propounded interrogatories to Ronald S. Tashjian, and a notice to admit certain facts. Attorney Terranova never gave copies of the interrogatories or the notice to admit to the plaintiffs.
2. On October 4, 1978, Brown who held Tashjians’ deposit, made application for dismissal against the plaintiff Ronald S. Tashjian, pursuant Dist. Mun. Cts. R. Civ. P., Rule 33 (a) for his failure to answer the interrogatories.
3. After he received this application, Attorney Terranova, by letter dated October 13, 1978, provided Mr. Tashjian with a copy of the interrogatories and requested that he provide the basic information on which to formulate a response.
4. Upon receipt of the interrogatories, Mr. Tashjian provided Terranova by telephone with appropriate responses to each of the questions asked in the interrogatories.
5. No answers to interrogatories were ever received and docketed by the court. On November 8, 1978, the court granted Brown’s reapplication under Dist. Mun. Cts. R. Civ. P., Rule 33 (a) for dismissal against Tashjian.
6. On December 11, 1978, final judgment for the defendant Brown against the plaintiffs was entered and costs of $17.50 were imposed.
7. Mr. Tashjian repeatedly called Attorney Terranova in the summer of 1979 *103 regarding the status of the case. Terranova informed him that he had filed the answers to Brown’s interrogatories and that he had heard nothing from the court, which statement in fact was false. He further informed him that since there were long delays in obtaining jury trials in Middlesex County, he should expect that it would be some time before hearing anything further. In fact, no answers to interrogatories were ever filed by Terranova, and judgment was entered against the Tashjians.
8. In early 1980, Tashjian retained another attorney to assume representation of him in this matter. By letters dated February 14, 1980, March 11, 1980, and April 16,1980, and by numerous phone calls the new attorney requested the file. Terranova never acknowledged these attempts to contact him and never produced the file requested. When proceedings were brought before the Board of Bar Overseers, Terranova belatedly claimed that he had "lost the file”.
9. Ronald Tashjian’s attempts to obtain relief from judgment were unsuccessful, and both Ronald and Carol Tashjian brought suit against Terranova for his failure to exercise reasonable care in representing them, his negligence in failing to answer interrogatories, his deceit in failing to inform them that final judgment had been entered against them, and for unfair and deceptive practices in violation of G.L. c. 93 A. The plaintiffs claimed damages in the amount of $2,034.60 plus treble damages under 93A, and attorney’s fees of $1,000.00 costs, totalling $7,179.04.
It is a condition precedent to the bringing of an action for multiple damages under G.L. c. 93A that a demand for relief be made of the prospective defendant. The demand must be made in writing and must be sent out at least thirty days before commencing suit. The applicable provisions of the § 9 (3) of said statute, setting forth the requirements of the demand letter are as follows:
At least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent... The demand requirements of this paragraph shall not apply if the claim is asserted by way of courterclaim or cross-claim, or if the prospective respondent does not maintain a place of business or does not keep assets within the commonwealth...
It does not appear from the record before us that plaintiffs complied with the demand requirements of this statute or were otherwise excused from such compliance.
The trial justice correctly declined to allow the plaintiffs to recover multiple damages. Since plaintiffs’ failure to follow the requirements of this section is dispositive of their claim for multiple damages, we need not consider whether the conduct of Attorney Terranova was an unfair and deceptive trade practice within the meaning of the statute.
There being no error, the report is to be dismissed.
Report dismissed.