BATEMAN *v.* FORTY-SECOND ST., M. & ST. N. AVE. RY. CO. *et al.*

(*Common Pleas of New York City and County, Special Term.*  May 1, 1889.)

1. PLEADING—MISJOINDER.

A complaint against a railway company and a municipal corporation jointly, for a violation by the railway company of its contract with the municipality to keep certain streets in repair, and for leaving such streets in a dangerous condition, whereby plaintiff was injured, is not demurrable on the ground that it alleges two causes of action against the railway company,—one on contract and one in tort,—or that it improperly unites a cause of action on contract against the railway company with a cause of action in tort against the city.

2. SAME—DEMURRER—COSTS.

But where such demurrer is interposed in good faith, and plaintiff had been permitted to amend her complaint without costs, defendant will be allowed to answer without costs.

At chambers.  On motion for judgment on demurrer to the complaint.

Action by Elizabeth Bateman against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railway Company, impleaded with the mayor, aldermen, and commonalty of the city of New York. Defendants demur to complaint, and plaintiff moves for judgment.

*C. D. M. Cole* and *Austen G. Fox,* for plaintiff. *W. C. Trull,* for defendant.

BOOKSTAVER, J. The amended complaint is demurred to on two grounds: *First,* on the ground that it alleged two causes of action,—one upon an alleged contract on the part of the defendant the railway company to keep portions of certain streets in repair, and the violation of this, together with a cause of action against the defendant sounding in tort for causing a portion of the streets by them to be kept in repair to be left in a dangerous and founderous condition; and, *second,* on the ground that two causes of action are improperly united in the complaint, to-wit, a cause of action against the defendant upon an alleged contract upon its part to keep portions of certain streets in repair and the violation of its contract, with a cause of action against the mayor, aldermen, and commonalty of the city of New York, sounding in tort.

I think the demurrer is not well taken. It is true that the basis of defendant's liability to the plaintiff rests upon a contract made between the defendant the railway company and the mayor, etc., to keep portions of certain streets in repair, and but for this contract, in the absence of any affirmative act on the part of the defendant the railway company, the city alone would be liable in tort for injuries caused by reason of the pavement in such streets being negligently out of repair; yet, the contract having been made between the city and the railway company, by which the latter agreed to keep portions of the streets in repair, it is jointly liable with the city to third parties when it negligently allows the portion of the street by it contracted to be kept in repair to be out of order. Both the city and the railway company then become liable to third persons for any injury which may result from the street not being kept in proper condition. The ground of liability is the same, to-wit, negligence on the part of both. As between the city and the defendant railway company, the liability rests upon contract; but I think, as between the defendants and third persons, they are jointly as well as severally liable for negligence, under the principle of the decision in *McMahon* v. *Railroad Co.,* 75 N. Y. 231. It is true that in that case the mayor, etc., were not parties to the action, but in the course of the trial a contract of agreement between the Second-Avenue Railroad Company and the mayor, etc., similar to the agreement alleged in this case, was put in evidence, and the question now raised, as to whether the foundation of the action was contract or tort, was raised in that case, and it was there decided that, as far as the plaintiff was concerned, the introduction of this evidence did not change the action from a tort to a contract. I think I am bound by that decision, and the demurrer should be overruled. But as it was evidently interposed in good faith, the defendant the railway company should have leave to answer without the payment of any costs, as the plaintiff was permitted to amend her complaint without the payment of costs.