## PETERI v PENNSYLVANIA R R CO

Ohio Appeals, 9th Dist, Wayne Co

No. 886. Decided Dec 22, 1931

Weiser & Weimer and H. B. Swartz, Wooster, for Peteri.

Burt, Kinnison, Carson & Shadrach, Canton, for Railroad Co.

**WASHBURN, J.**

This error to the court was cured by the plaintiff's failure to object or except to what was later done in the case. The record is meager, but what there is therein justifies the inference that, after the plaintiff had rested and the defendant had made a motion for a directed verdict in its favor on the ground that said release constituted a complete defense to the action, the plaintiff consented to the defendant's withdrawal of its motion and to the court's permitting the defendant to amend its answer by alleging said release as a defense. The defendant then again offered said release in evidence, without objection of the plaintiff. Thereafter the plaintiff offered some evidence in reference to said release and again rested; and then the motion of the defendant for a directed verdict in its favor was granted by the court.

We find no error of which plaintiff can complain concerning the manner in which said release became a part of the evidence which the court was required to consider on the motion to direct a verdict.

Was it error for the court to direct a verdict for the defendant?

Although the two railroad companies did not act in concert, they did violate a duty that each owed to the plaintiff, to-wit, the duty to refrain from obstructing said stream and while such duty was separate and in no sense joint, it was a duty common to both companies, and under the evidence in this case the violation of that duty by each of said companies was negligence and such negligence on the part of each company concurred in producing a single and indivisible injury, and therefore the plaintiff could have recovered the entire damage caused by the injury from either of the companies, or from both of them if he had joined them as defendants.

He was entitled to full compensation, and if he received full compensation from one of them, he could not thereafter maintain an action against the other one.

Plaintiff stated in the contract of release which he entered into with the B. & O. Railroad Co. and pursuant to which he received $550 from said company, that he received the same "in full satisfaction, payment and discharge of all claims and demands which I now have or may or can hereafter have against said Railroad Company, arising out of damage to my property near Wooster, Ohio, on or about July 5, 1929, and for all losses, damages and expenses incident thereto."

The language of said release is unqualified and absolute in its terms, and it may be fairly said that a presumption arises that the amount stated represents plaintiff's claim or estimate of the extent of his damages and that by the payment of said amount the injury was fully satisfied.

Adams Express Co. v Beckwith, 100 Oh St 348.

The release states in plain terms that it is in full satisfaction of any claim which the plaintiff had or might have against the B. & O. Railroad Co. arising out of the injury, and at that time he had a legal claim against the B. & O. Co. for all the damages resulting from said injury which was caused by the concurrent negligence of both of said companies, and therefore the amount fixed by him was presumptively in full satisfaction for the injury.

The release was not a covenant not to sue, nor a covenant to cease suing, nor a covenant in partial satisfaction, but was in terms a full satisfaction.

If parol evidence was competent to contradict or vary the plain meaning of the terms used in the document which the parties made the sole embodiment of their act for certain legal purposes, which is doubted, there was no such evidence offered in this case; the mere mental reservation of the plaintiff not to release the Pennsylvania Co. is of no effect, and neither is the evidence that the B. & O. Co. knew that the plaintiff claimed that the Pennsylvania Co. was partly responsible for the injury; there is no evidence of any negotiations or talk about anything except the total damage resulting from the injury, and nothing is shown which militates against the legal presumption arising from the language used in the contract of release.

We find nothing in the record in this case that excepts this release from the general rule that an unconditional release in full satisfaction of an injury, given by the injured party to one of several joint wrongdoers, is a release of all and bars an action against those wrongdoers not named in the release.

In several states this rule has been modified by act of the legislature, providing that a release to one joint tort-feasor shall not be a bar to a suit against a joint tort-feasor not named in the release, but that the amount paid therefor shall be regarded as a satisfaction pro tanto to the party wronged; that is the rule established by the Supreme Court (Adams Express Co. v Beckwith, supra) where the contract of release is a covenant not to sue or a covenant to cease suing or a covenant in partial satisfaction, but the Supreme Court has not made that the rule where there is a full satisfaction, as shown by the general and unqualified terms of the contract of release. If that should be the rule, the legislature and not this court should so declare.

Judgment affirmed.

PARDEE, PJ, and FUNK, J, concur.