## SPARKS v
## BEACON JOURNAL BUILDING CO

Ohio Appeals, 9th Dist, Summit Co

No 2081.  Decided March 21, 1933

Gottwald, Breiding, Hershey & Hinton, Akron, for plaintiff in error.

Musser, Kimber & Huffman, Akron, for defendant in error.

STEVENS, J.

It will be noted that the Beacon Journal Building Co. and the city of Akron were sued jointly, and the proximate cause of the injuries complained of was alleged to be a defect in the sidewalk, over which the defendant the Beacon Journal Building Co., by virtue of a contract with the city, had assumed control, and which it had promised to keep in a state of proper repair.

The duty of the city with reference to streets is defined by §3714, GC, as follows:

"Municipal corporations shall have special power to regulate the use of the streets, to be exercised in the manner provided by law. The council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts, within the corporation, and shall cause them to be kept open, in repair, and free from nuisance."

In a very well-considered opinion by Judge Vickery of the Eighth District Court of Appeals, in the case of the **Cleveland Ry. Co. et v Heller, 15 Oh Ap 346,** the question of whether or not a contract made for the benefit of a third person can be enforced by that third person, where a tort liability has arisen, and the judicial history of that question, is exhaustively considered and discussed; the court arriving at the conclusion that such suit may be maintained by the party injured against such contracting party.

1 Cooley on Torts (3rd ed.), page 247, lays down the following general rule:

"Where two or more owe to another a common duty and by a common neglect of that duty such other person is injured, then there is a joint tort with joint and several liability. The weight of authority will, we think, support the more general proposition, that where the negligence of two or more persons concur in producing a single, indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design or concert action."

This is in accordance with the holding of

this court in the case of **Peteri v Pennsylvania. R. R. Co., 41 Oh Ap 105, (11 Abs 77)**.

In the case of Matthews v Delaware, etc., R. R: Co., 56 N. J. L. 34, 22 L.R.A. 261, the court said:

"If two or more persons owe to another the same duty, and by their common neglect of that duty he is injured, doubtless the tort is joint, and upon well settled principles, each, any or all of the tort-feasors may be held. But when each of two or more persons owes to another a separate duty which each wrongfully neglects to perform, then although the duties were diverse and disconnected and the negligence of each was without concert, if such several neglects concurred and united together in causing injury, the tort is equally joint and the tort-feasors are subject to joint and several liability."

In the case of Bateman v Forty-second St., M. & St. N. Ave. Ry Co. et, 5 N. Y. Supp. 13, a situation almost identical with the instant case is presented. There the railway company and the city of New York were jointly sued by the plaintiff, Bateman, for injuries sustained by her because of a defect in the street. The railway company, by contract with the city, had agreed to keep portions of certain streets in repair, and by reason of the failure of said railway company to so keep said streets in repair, it was alleged that plaintiff had sustained injury. A demurrer was interposed by the railway company on two grounds: first, misjoinder of causes of action; and second, misjoinder of parties defendant.

In overruling said demurrer, the court held as follows:

"I think the demurrer is not well taken. It is true that the basis of defendant's liability to the plaintiff rests upon a contract made between the defendant the railway company and the mayor, etc., to keep portions of certain streets in repair, and but for this contract, in the absence of any affirmative act on the part of the defendant the railway company, the city alone would be liable in tort for injuries caused by reason of the pavement in such streets being negligently out of repair; yet, the contract having been made between the city and the railway company, by which the latter agreed to keep portions of the streets in repair, it is jointly liable with the city to third parties when it negligently allows the portion of the street by it contracted to be kept in repair to be out of order. Both the city

and the railway company then became liable to third persons for any injury which may result from the street not being kept in proper condition. The ground of liability is the same, to-wit, negligence on the part of both. As between the city and the defendant railway company, the liability rests upon contract; but I think, as between the defendants and third persons, they are jointly as well as severally liable for negligence, under the principle of the decision in McMahon v Railroad Co., 75 N. Y. 231."

In McMahon v The Second Ave. R. R. Co., 75 N. Y. 231, the court at page 239 said:

"There was no error in admitting in evidence the agreement between the defendant and the municipality. That was material and proper, to show that there was undertaken by the defendant the duty which lay primarily upon the city to give to the public, and the plaintiff, as one thereof, a safe passage through the thoroughfares. The reception of the agreement in evidence did not change the cause of action from one arising in tort to one based upon contract. It showed the duty of the defendant, and made applicable the other facts of the case, to show its negligence of duty, wherein it was tortious."

The Supreme Court of Ohio, in the case of the **Village of Mineral City v Gilbow et, 81 Oh St 263, at page 273**, quoted with approval the rule laid down in the case of City of Peoria v Simpson, 110 Ill. 294, as follows:

"But a different principle applies where the injury is the result of a neglect to perform a common duty resting on two or more persons, although there may be no concert of action between them. In such cases the party injured may have his election to sue all the parties owing the common duty, or each separately, treating the liability as joint or separate."

See also 49 L.R.A. (N.S.) 1168, paragraph b, and cases cited thereunder.

It should be pointed out that the negligence charged against the property owner in the instant case does not arise out of an act of commission, but from an act of omission, which fact distinguishes this case from that of **Morris v Woodburn, 57 Oh St 330**, and other like cases. In the instant case the torts charged are not merely concurrent and related, they are joint.

In view of the foregoing authorities, we hold:

First. Where one contracts with a municipality to perform in its stead the statutory duty resting upon it of keeping a portion of its streets in repair and safe for the passage of the public, and where, because of neglect to perform that duty, a cause of action arises in favor of a member of the public, then such injured party may, at his option maintain his action against the municipality, the contractor, or both; their liability being joint and several.

Second. Such an action is one in tort and not in contract.

For error in sustaining the demurrer and rendering judgment in favor of the Beacon Journal Building Co., said judgment is reversed, and the cause remanded for further proceedings according to law.

WASHBURN, PJ, and FUNK, J, concur in judgment.