### GOLJATOWSKA v FRED W ALBRECHT CO, Inc

Ohio Appeals, 9th Dist, Summit Co

No 2378. Decided June 15, 1934

Mottinger, Lengyel & Mills, Akron, for plaintiff in error.

Squire, Sanders & Dempsey, Cleveland, and R. H. Nesbitt, Akron, for defendant in error.

## OPINION

By STEVENS, J.

Sec 8395, GC, provides in part as follows:

"Subject to the provisions of this chapter and of any statute in that behalf, there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows:

"(1) When the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose.

"(2) When the goods are bought by description from a seller who deals in goods of that description, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be of merchantable quality.

"* * *

"(4) In the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose.

"* * *".

The claim of the plaintiff is narrowed in this court to this question: Do the provisions of §8395 (4), GC, relieve the retailer from the implied warranty of merchantability arising under §8395 (2), GC?

The plaintiff in error contends that the implied warranty of merchantability arising by virtue of §8395 (2), GC, is not made inoperative by reason of the provisions of §8395 (4), GC, in the event of a sale of a specified article under its patent or other trade name.

It will be observed that §8395 (4), GC,

provides that "there is no implied warranty as to its fitness for any particular purpose." However, no mention is made therein as to the implied warranty of merchantable quality.

The defendant in error relies upon the case of McMurray v Seed Store, 117 Oh St 236, claiming that that case is decisive of the question here presented.

A close scrutiny of that case, however, leads us to the conclusion that, notwithstanding some obiter dicta observations therein, it is not authority for the position taken by the defendant in error. So far as we are able to learn, the case here presented is one of first impression in the state of Ohio, there being no decided cases in this state upon this precise point.

We are aware of a diversity of opinion among courts of last resort in the different states, as indicated in the opinion of Judge Matthias in the McMurray case, supra. Washington and Kentucky are aligned with those states holding that there is no implied warranty either as to fitness or merchantability where dairy food is sold in original packages as received from the manufacturer, without any representation upon the part of the seller.

There is another line of cases, however, holding that, where a sale of food for human consumption is made, such sale being in sealed containers, where no opportunity of inspection is given to the retailer, yet the retailer is liable upon his implied warranty of merchantability if the article sold contains a deleterious substance and damage results therefrom.

Perhaps the most persuasive case in the authorities adhering to this view, is that of Patrick Ryan v Progressive Grocery Stores, Inc., 255 N. Y. 388. In that case, statutory provisions identical with those contained in the Ohio statutes were under consideration by the Court of Appeals of New York state. There, a loaf of Ward's bread containing a pin had been purchased by the plaintiff from the defendant, and had been eaten by the plaintiff, with ensuing damage. A judgment for the plaintiff was recovered, which was reviewed by the Appellate Division of the Supreme Court and affirmed, and then, upon appeal, was considered by the Court of Appeals of the state of New York. Mr. Chief Justice Cardozo, now associate justice of the United States Supreme Court, rendered the opinion of the court, and in that opinion he stated the following:

"Most of the sales of defective food stuffs have been dealt with by the courts as if

subdivision 1 of the section defining warranties (identical to §8395 (1), GC of Ohio) gave the exclusive rule to be applied. In some instances the goods were not purchased by description. In others, the courts may have been unmindful of the fact that the warranty of merchantable quality is no longer confined to manufacturers or growers. Innovations of this order are slow to make their way. Gradually, however, as the statute has become better known, the bearing of subdivision 2 (identical to §8395 (2), GC of Ohio) upon sales of food in sealed containers has been perceived by court and counsel. The nature of the transaction must determine in each instance the rule to be applied. There are times when a warranty of fitness has no relation to a warranty of merchantable quality. This is so, for example, when machinery competently wrought is still inadequate for the use to which the buyer has given notice that it is likely to be applied. There are times on the other hand when the warranties co-exist, in which event a recovery may be founded upon either. 'Fitness for a particular purpose may be merely the equivalent of 'merchantability' (Williston, Sales, vol. 1, §235, and cases there cited).

"A dual warranty is thus possible for food stuffs as for anything else. Both in this court and in others the possibility is recognized. Aron & Co. v Sills (240 N. Y. 588) was an action for breach of warranty by retailer against wholesaler upon a sale of condensed milk. At the Appellate Division, the warranty was treated as governed by subdivision 1. When the case came to us, we put that subdivision aside, holding that there was no necessity of deciding whether there was sufficient evidence of reliance, and placed our affirmance of the judgment upon subdivision 2. 'Whether under the circumstances of this particular case any inference is possible that the buyer relied upon the seller's skill or judgment we need not decide. For even were the trial court in error as to the existence of an implied warranty that the goods in question were fit for human consumption, bought as they were by description from one who dealt in them, there was a warranty that they were of merchantable quality. If condensed milk is unfit for consumption, clearly it does not comply with this warranty' (240 N. Y. 588).

"A like rule has been declared in Massachusetts and in the Federal courts, at all events in controversies between the dealer and the maker [Interstate Grocery Co. v Bentley Co., 214 Mass. 227 (sale of sardines); Parker v Shaghalian & Co., 244 Mass. 19 (sale of candy); McNeil & Higgins Co. v Czarnikow-Rienda Co., 274 Fed. Rep. 397 (sale of sugar)].

"'Where the buyer specifies what he wants, he can, of course, not rely upon any superior knowledge of the seller that it will serve its purposes. If he did, he must give the seller some latitude of selection. But he may still insist that it must be of a quality which will pass in the market under that description, and he may rightly rely upon the seller to secure him such a quality' (L. Hand, J., in McNeil & Higgins Co. v Czarnikow-Rienda Co., supra).

"The result has not been different in cases where the consumer rather than another dealer has been the victim of the wrong.

"Thus, in Wren v Holt ([1903] 1 K.B. 610) the plaintiff was made ill through the presence of arsenic in beer, which he had bought from the defendant, who was not the manufacturer. In buying the beer, he asked for the product of a particular firm of brewers. A recovery was upheld for breach of an implied warranty of merchantable quality as upon a purchase by description, and this though there had been no reliance on the skill and judgment of the seller. Again, in Morelli v Fitch ([1928] 2 K.B. 636) there was a recovery for breach of a like warranty upon a sale of a bottle of ginger ale by the keeper of a public house. The customer had asked for ale of a particular make, trusting to his own judgment rather than to the experience of the seller. Even so, the warranty of merchantable quality was held to be a sufficient basis for the recovery of damages.

"Loaves baked with pins in them are not of merchantable quality. The dealer is thus charged with liability though the buyer selects the brand, just as he would be liable for concealed defects upon a sale of wool or silk. Assume that the sale had been made by a manufacturer or a grower, and that there had been a request for a special brand. There would then be no warranty of fitness for any 'particular' purpose. Would any one dispute, however, that a defect of this order, destroying value altogether, would be covered by the warranty of merchantable quality? The question carries its own answer. The rule is different, to be sure, upon a sale of specific goods, not purchased by description (Hight v Bacon, 126 Mass. 10). It may even be different, though the purchase is by description, if the goods are subject to inspection and the defects are of such a nature that inspection will reveal them (Williston, Sales, §234; Pers. Prop. Law, §96,

subd. 3). Here the sale was by description, the defect was wholly latent, and inspection was impossible. In such circumstances, the law casts the burden on the seller, who may vouch in the manufacturer, if the latter was to blame. The loss in its final incidence will be borne where it is placed by the initial wrong."

We are inclined to the opinion that the more sound rule is that announced by Mr. Justice Cardozo in Ryan v Progressive Grocery Stores, Inc., supra.

It is contended by counsel for defendant in error that the record herein discloses contributory negligence as a matter of law upon the part of the plaintiff, which would bar a recovery even though the defendant were liable under the rule of law.

We are not in accord with that contention.

It is our conclusion that the trial court erred in sustaining the motion of the defendant for a directed verdict at the conclusion of plaintiff's evidence. For that error the judgment of the lower court will be reversed and the cause remanded for further proceedings in conformity to law.

WASHBURN, PJ, and FUNK, J, concur in judgment.