### GAUDER, a minor, etc v CANTON PROVISION CO

Ohio Appeals, 9th Dist, Summit Co

No 2412. Decided July 16, 1934

W. E. Pardee, Akron, and B. K. Manning, Akron, for plaintiff in error.

Amerman & Mills, Canton, and Wells, Gaylord & Solomon, Akron, for defendant in error.

## OPINION

By STEVENS, J.

The motion in this case does not raise any question as to the mode or manner of the service of summons upon the Canton Provision Co., but raises only the question as to whether there is shown by the petition a joint liability of the two defendants sued; therefore, the question raised by the motion relates to the subject-mater of the action as well as to the jurisdiction of the person.

The cases in Ohio make an important distinction between an objection to the jurisdiction of the subject-matter of the suit, and of the person of the defendant filing the motion. An objection to the subject-matter is a waiver of objection to the jurisdiction of the person, while an objection to the jurisdiction of the person is a waiver of nothing and does not constitute an appearance in the cause. Where, as in this case, jurisdiction of the subject-matter, so far as the Canton Provision Co. is concerned, depends upon the question of joint liability, the proper practice is to raise that question by answer or demurrer, which, in either event, constitutes a personal appearance to the action; and the question of joint liability, which involves the merits of the case, cannot properly be determined upon a motion to quash service.

Under certain circumstances, it may be determined upon demurrer, so far as the allegations of the petition are concerned, but when so determined it is an entry of personal appearance, and the filing of an amended petition is permissible; and when the question cannot be determined by demurrer, it depends upon the facts developed at the trial (Drea v Carrington, 32 Oh St 595; Gorey v Black, 100 Oh St 73; Agricultural Society v Brenner, 122 Oh St 560), and if the question is preserved by the answer, the question may be saved for review.

It follows from what has been said that the Common Pleas Court erred in quashing the service of summons on the Canton Provision Co.

However, on the question of joint liability, it may be observed that §11282, GC, permits the issuance of a summons for service upon defendants nonresident of the county where the action is brought, and service of the same in the county of their residence, if the action is rightfully brought against one of the defendants in the county where the action is filed.

The Supreme Court of Ohio, in Agricultural Society v Brenner, supra, at p. 573, said:

"The fact is that he was sued in a county other than that of his residence. Being a resident of Summit County, he could only be summoned in Stark County if the injury is the joint wrong doing of himself and another defendant who is a resident of Stark County and served with process therein."

The question is therefore immediately raised as to whether the manufacturer and the retailer of food for human consumption in original packages, are jointly liable to the consumer thereof, where the consumer sustains injury by reason of the presence of a deleterious substance in said food.

An examination of the contents of the petition filed herein discloses that there are allegations with reference to negligence of the defendants contained therein, and that said petition contains allegations as to breaches of warranties of fitness for human consumption and of merchantability of the product manufactured and sold.

It being unlawful, under §12760, GC, to sell the article in question in the condition in which it is alleged to have been sold, the retailer, by offering the same for sale and selling the same for human consumption, impliedly warranted, under the provisions of §8395, GC, that it was wholesome and fit for human consumption.

This court has had occasion, recently, to pass upon the question of the liability of a retailer for damages resulting from the presence of a foreign object in food contained in sealed containers, in the case of Mary Goljatowska v The Fred W. Albrecht Co., 17 Abs 294. Therein we adopted the view that the retailer was liable upon his implied warranty of merchantability, for injuries occasioned by the presence of a foreign object in food sold in sealed containers.

Under §12758, GC, it was unlawful for the manufacturer to manufacture for sale the article in question in the condition it is alleged it was at the time of sale, and,

under §§5774 and 5778, GC, it being alleged that said article consisted in part of putrid and tainted or rotten animal substance, it was unlawful for the manufacturer to manufacture and sell said article, and by offering the same for sale for food and selling the same to the retailer to be resold to the public for food, said manufacturer impliedly warranted that said article was wholesome and fit for use as human food, and we are of the opinion that he, too, is liable to the ultimate consumer of his product upon his implied warranty of merchantability, if that product contains a deleterious substance and the consumer is injured thereby. The reasoning of the Eighth District Court of Appeals, as expressed by Levine, Judge, in **Ward Baking Co. v Trizzino, 27 Oh Ap 475, (6 Abs 229)** at the bottom of page 481, and thereafter, appeals to us very strongly as being the announcement of a salutary and sound rule, which we follow without hesitation. See also, 63 A.L.R. 343, notes 2 (a) and (b).

Having concluded that, upon proper evidentiary showing, the manufacturer, as well as the retailer, can be held liable to the consumer, we inquire whether that liability may be considered as joint.

The petition alleges facts raising an implied warranty on the part of Kwiecinski that said article of food was wholesome and fit for human food, and also alleges that the Canton Provision Co. furnished said article of food to Kwiecinski "for the purpose that it be held forth and represented by him to the **public** as being wholesome and fit for human food" and that both of said defendants "were negligent and careless toward plaintiff in so holding forth and representing **to the public**" that said article "was wholesome and fit for human food" when both of said defendants "knew or should have known" that said article so sold by the Canton Provision Co. to Kwiecinski "and resold by him in accordance with its express intention and direction as aforesaid, was not wholesome and fit for human food."

Having in mind the view we have heretofore expressed as to the liability of a manufacturer of a food product to the ultimate consumer, these allegations and others in the petition set forth a claim for damages upon an implied warranty of each of the defendants, growing out of a single transaction, and we know of no good reason why they may not be properly joined in one action, where, as alleged in this case, the manufacturer sold the article to the retailer with the "express intention and direction" that the retailer would warrant to the public that the article was wholesome and fit for human food. Under the state of facts alleged, the implied warranty of the retailer became the joint warranty of the retailer and the manufacturer.

We are not now concerned with the question of plaintiff's ability to prove the facts he has alleged, but only with the effect of such allegations.

We think a like conclusion would be justified if the liability of the defendants were based upon the claim of negligence. In Flessher v Carstens Packing Co., 93 Wash. 48, the court, at page 56, said:

"Whether the action be called one on warranty or of negligence it comes to the same thing. It sounds in tort."

Applying to the instant case the rule heretofore followed with approval by this court, as follows:

"Where two or more owe to another a common duty and by a common neglect of that duty such other person is injured, then there is a joint tort with joint and several liability. The weight of authority will, we think, support the more general proposition, that, where the negligence of two or more persons concur in producing a single, indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design or concert action."

1 Cooley on Torts (3rd ed.), page 247, quoted with approval by this court in **Sparks v Beacon Journal Bldg. Co., 44 Oh Ap. 355, at p. 357 (14 Abs 348).**

We conclude that the liability of the defendants is a joint liability, and that service of summons issued in Summit County could be properly made in Stark County under §11282, GC, upon the Canton Provision Co.

Judgment reversed and cause remanded.

WASHBURN, PJ, and FUNK, J, concur in judgment.